CITY OF LAKEWOOD, APPELLANT, v. SMITH, APPELLEE.

[Cite as City of Lakewood v. Smith, 1 Ohio St. 2d 128.]

(No. 38660—Decided March 10, 1965.)

*Mr. William E. Blackie*, for appellant.

*Messrs. Savage, Zito & O'Malley* and *Mr. Thomas F. O'-Malley*, for appellee.

BROWN, J. The original entrance in this case was without warrant. It is not represented or argued that the entrance, as in *Ker* v. *California*, 374 U. S. 23, 10 L. Ed. 2d 726, was for the purpose of making an arrest, but it is unquestioned that the officers did not have probable cause for making an arrest at the time of entering defendant's residence. The entrance was

justified only if consented to by the defendant. This entrance was the beginning of the search and was acquiesced in only because the persons requesting entrance were police officers acting under color of office. The consent to entrance was granted in submission to authority rather than as an understanding and intentional waiver of the defendant's constitutional right to be free from unreasonable search and seizure. *Johnson* v. *United States*, 333 U. S. 10; *Amos* v. *United States*, 255 U. S. 313, and numerous cases there cited. See, also, 4 Wharton's Criminal Procedure, 212, Section 1578. *Johnson* v. *United States* is particularly significant if read in conjunction with Justice Stewart's opinion in *Silverman* v. *United States*, 365 U. S. 505, wherein a rather more obvious trespass upon a residence area was referred to as "an actual intrusion into a constitutionally protected area." One may trespass even after being admitted by the limited consent described in *Johnson*.

With this in mind, the act of answering the defendant's telephone under the above circumstances was a trespass and an invasion of the defendant's privacy, which violated the defendant's rights under the Fourth and Fourteenth Amendments to the United States Constitution. The telephone call, if intercepted after entrance pursuant to a lawful search warrant, would have been admissible as a "verbal fact" going to prove the nature of the illegal business being conducted in the home. *Chacon* v. *State* (Fla.), 102 So. 2d 578; 20 American Jurisprudence 664.

Excluding it for the reason stated, we come to consider whether the officers at the moment of arrest and without the information obtained from the telephone call had probable cause for an arrest and justification for a search incidental to such arrest. We consider that at that point they did not have such probable cause. The anonymous telephone calls which had originally directed them to the defendant's apartment had been supplemented by a racing form and a "consensus" sheet which can be lawfully purchased at any major newsstand.

Even though we add the acceptance by the defendant of the dare to empty one pocket and his refusal to accept the dare to empty the remaining pocket, we are still unable to justify a conclusion by the officers that a crime probably had been or was

being committed. It has been held that a consent to a search of a portion of one's premises is not a consent to a search of other portions. *Strong* v. *United States*, 46 F. 2d 257. It follows that the acceptance of the dare to empty one pocket under these facts was not a consent to a search of the other pocket or to a general search of the defendant's entire person.

Since there was no probable cause at the moment of arrest and since there was no consent to the search of defendant's person, the search cannot be sustained as being incident to a valid arrest (*Johnson* v. *United States, supra*, paragraph four of the syllabus), and the evidence obtained from the defendant's pocket should also have been suppressed upon the timely motion of the defendant.

Nothing remains to justify the conviction of the defendant for the crime charged.

There were no circumstances in this case sufficient to justify the failure of the officers to investigate further and obtain additional evidence justifying the issuance of a search warrant before invading the defendant's privacy. As was remarked by the court in *Johnson* v. *United States, supra*, "if the officers in this case were excused from the constitutional duty of presenting their evidence to a magistrate, it is difficult to think of a case in which it should be required."

It is seldom that a finding of a Court of Appeals excluding evidence on grounds that it was illegally obtained will be reviewed by this court, since such rulings will normally be made upon an *ad hoc* basis and will be deemed not of sufficient general interest. As stated by Justice Clark in *Ker* v. *California, supra*, this court will "not sit as in nisi prius to appraise contradictory factual questions, it will, where necessary to the determination of constitutional rights, make an independent examination of the facts, the findings, and the record so that it can determine for itself whether * * * the constitutional criteria established by the Supreme Court have been respected."

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, HERBERT and SCHNEIDER, JJ., concur.

TAFT, C. J., ZIMMERMAN and MATTHIAS, JJ., dissent.