THE STATE OF OHIO, APPELLEE, *v.*
WILSON, APPELLANT.

(No. L-80-262—Decided June 26, 1981.)

*Mr. Anthony G. Pizza,* prosecuting attorney, and *Mr. Thomas O. Secor,* for appellee.

*Ms. Doris K. Wohl,* for appellant.

POTTER, J. This is an appeal from a conviction for the violation of R.C. 2921.32, obstruction of justice. The Toledo Police Department had secured an arrest warrant for Charles Redmond and having information that Charles Redmond was staying in the apartment of the defendant, Ernestine Wilson, the officers went to that residence to execute the arrest warrant. The defendant denied having seen Mr. Redmond or having any knowledge of his whereabouts. She was informed at that time of the arrest warrant. The officers departed, but at a subsequent date, having information that Mr. Redmond was at the defendant's apartment, they returned to effect the arrest of Mr. Redmond. Receiving no answer to their knock at the door of defendant's apartment, the officers obtained a passkey and entered the apartment. The defendant was at home and objected to the entrance. The police officers discovered Redmond in the apartment

and then arrested the defendant on the charge of obstruction of justice. Defendant filed a motion to suppress and a motion to dismiss. The motion to suppress was submitted on a stipulation of facts and was overruled. Thereafter, defendant withdrew her plea of not guilty and entered a plea of no contest. From the finding of guilty and sentence, the defendant appealed and filed the following assignment of error:

"The trial court erred by its abuse of discretion in denying appellant's motion to suppress the evidence of Redmond's presence in appellant's home since such evidence was obtained by police without a search warrant in direct contravention of appellant's Fourth Amendment rights."

We find the assignment of error well taken for the reasons hereinafter stated. Oral argument was set for April 24, 1981. On April 23, appellant filed a notice that she intended to rely on new "evidence." See App. R. 21(H) re presenting authorities not cited in the brief. Appellant brought to this court's attention the case of *Steagald* v. *United States* (1981), 451 U.S. 204, decided April 21, 1981 by the United States Supreme Court after the filing of her brief and, of course, after the trial court's decision. This court granted leave to the appellant and appellee to file briefs relative to the *Steagald* decision. Appellant maintained that her Fourth Amendment rights were violated in that a search warrant was required to search her home for contraband regardless of what form that contraband may take. In this instance, the contraband was the person of Charles Redmond. Appellant further maintained that as to her Fourth Amendment rights, the arrest warrant could not be used as a substitute for a search warrant. Prior to the *Steagald* decision, appellant relied on *Payton* v. *New York* (1980), 445 U.S. 573. In *Payton,* the police entered the home to make an arrest but neither had a search warrant nor an arrest warrant. In that case, which did not involve a third person,

the court held that absent exigent circumstances, police may not make a warrantless entry into a suspect's home to arrest him. Appellant reasoned that, if in the absence of exigent circumstances, a warrantless search to seize a suspect was unreasonable under the Fourth Amendment, it would likewise be impermissible and unreasonable as to a third-person search. Although the parties argue as to the reasonable inferences from their stipulations, appellee states that the entrance into the appellant's home was permissible because the officers had a valid arrest warrant and had probable cause to believe that Redmond was in the apartment. In the *Steagald* case, *supra,* the police had an arrest warrant for one Ricky Lyons. They, on information that Lyons was in the residence of a third party, entered the third-party's house to search for Lyons despite the protest of the occupant. Lyons was not found in the search but forty-three pounds of cocaine were. Thereupon, Steagald was placed under arrest on federal drug charges. In the *Steagald* case, the Supreme Court held that the police needed a search warrant, not simply an arrest warrant, to conduct a search under the circumstances. The Supreme Court held that the search was unreasonable and that the cocaine could not be used as evidence in Steagald's trial. In pertinent part, the Supreme Court held as follows:

"In sum, two distinct interests were implicated by the search at issue here — Ricky Lyons' interest in being free from an unreasonable seizure and petitioner's interest in being free from an unreasonable search of his home. Because the arrest warrant for Lyons addressed only the former interest, the search of petitioner's home was no more reasonable from petitioner's perspective than it would have been if conducted in the absence of any warrant. Since warrantless searches of a home are impermissible absent consent or exigent circumstances, we conclude that the instant search violated the Fourth Amendment." *Steagald* v. *United States, supra,* at 216.

In delineating the differences between an arrest warrant and a search warrant, the Supreme Court stated the following:

"The purpose of a warrant is to allow a neutral judicial officer to assess whether the police have probable cause to make an arrest or conduct a search. * * * However, while an arrest warrant and a search warrant both serve to subject the probable-cause determination of the police to judicial review, the interests protected by the two warrants differ. An arrest warrant is issued by a magistrate upon a showing that probable cause exists to believe that the subject of the warrant has committed an offense and thus the warrant primarily serves to protect an individual from an unreasonable seizure. A search warrant, in contrast, is issued upon a showing of probable cause to believe that the legitimate object of a search is located in a particular place, and therefore safeguards an individual's interest in the privacy of his home and possessions against the unjustified intrusion of the police." *Steagald* v. *United States, supra,* at 212-213.

Appellant concludes that the *Steagald* decision is a logical outgrowth of the decision of *Payton* v. *New York, supra,* and that absent exigent circumstances, the search in question violated the Fourth Amendment. See *Steagald, supra.* The Lucas County Prosecutor has responded to the supplemental brief of appellant with a supplemental brief in which, with exemplary candor, the prosecutor concludes that the *Steagald* decision is applicable and controlling unless this court should find from the record that exigent circumstances were present before the officers entered the home of appellant. We find no exigent circumstances illustrated. We, therefore, find appellant's assignment of error well taken and reverse the trial court's decision relative to her motion to suppress. We vacate the judgment

and sentence imposed after the plea of no contest and remand this cause to the Court of Common Pleas of Lucas County for further proceedings.

*Judgment reversed and cause remanded.*

Connors, P.J., and Wiley, J., concur.

Wiley, J., retired, of the Sixth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.