THE STATE OF OHIO *v.* LEE.

(No. C 83 CRB 5918A and B—Decided June 23, 1983.)

Hamilton County Municipal Court.

*Mr. Arthur M. Ney, Jr.,* prosecuting attorney, and *Mr. Wallace R. Holzman, Jr.,* for plaintiff.

*Mr. Eugene D. Smith,* for defendant.

ALBANESE, J. The defendant, David F. Lee, has moved to suppress the evidence of his arrests. He maintains that the arrests in his home were illegal because they violated his Fourth Amendment right to be free from unreasonable searches and seizures.

The defendant was a passenger in a friend's car parked on the side of Lee's home at approximately 3:00 a.m. on March 21, 1983. The car was parked in the lot of a commercial heating and air conditioning business in a commercial district separated from the residential district where Lee's home was located by a six-foot fence. The backyards of the homes on Ponce Lane, where defendant lived, bordered the fence. Lee's friends often dropped him off in this parking lot, where he would use this shortcut to go home by jumping over the fence to his backyard.

Upon seeing the car in the lot, several police officers approached the car and asked what defendant and his friend were doing there. The police checked defendant's identification. Then, while they ran a check on his friend's license and license plates, defendant walked away and jumped the fence yelling something and went into his home. He was not under arrest at that time and returned to his home in plain sight of the police officers, who did not ask him to stop.

Several minutes later, Cincinnati and Green Township police arrived at the door of Lee's house and awoke his mother with their knocking. There were several officers surrounding the house to prevent defendant from leaving. Defendant's mother answered the door and gave the officers permission to enter the house. The four or five officers then began searching the house for her son, whom she did not know was home at the time. The officers neither asked permission to search the house for her son, nor informed her that they wanted to arrest him for anything. The officers had neither a search warrant nor an arrest warrant. After finding defendant in the basement of the house, the police arrested him on charges of disorderly conduct while intoxicated and resisting arrest.

I

The state argues in the case at bar that neither an arrest warrant nor a search warrant was necessary for the defendant's arrest because his mother consented to the police officers' search of her house to find and arrest him.

The mandate of the Fourth Amendment was expressed by the United States Supreme Court in *Katz* v. *United States* (1967), 389 U.S. 347, 357: "[S]earches conducted outside the judicial process, without prior approval by a judge or magistrate, are *per se* unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." The *Katz* court also stated that "without question, the home is accorded the full range of Fourth

Amendment protections." *Id.* The Supreme Court further reiterated the underlying principle of the amendment in *Terry* v. *Ohio* (1968), 392 U.S. 1 [44 O.O.2d 383]. In that case, the court stated at page 19 that "the touchstone of our analysis under the Fourth Amendment is always 'the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security.' "

The law of "limited" consent is accepted in Ohio. The Ohio Supreme Court held in *Lakewood* v. *Smith* (1965), 1 Ohio St. 2d 128 [30 O.O.2d 482], paragraph one of the syllabus, that a person who allows an officer into his or her home pursuant to the officer's request for an interview does not thereby waive his or her constitutional immunity from unreasonable searches, nor does he or she thereby consent to a search of the entire premises. Ohio courts have also stated that the mere failure to resist the officer (in the search) does not indicate consent. *Bender* v. *Addams* (1928), 28 Ohio App. 75. See, also, *State* v. *Turkal* (1971), 31 Ohio Misc. 31 [60 O.O.2d 160]. The facts of this case do not fit into the "limited consent" exception to the warrant requirement for searches and seizures. The court finds that the mother did not give permission to the officers to search the basement area or any other area of her house.

## II

The state next contends that the defendant's warrantless arrest was valid because the officer had observed the defendant commit a misdemeanor; the officer stated, in fact, that as he watched him jump the fence to go home, the defendant "screamed something." The state maintains that the officers had the authority to pursue the defendant and enter his home because they had observed him commit this act of disorderly conduct. On the facts of the case, it is doubtful whether there was any misdemeanor committed. Even if it was proper to arrest the defendant for disorderly conduct, the law holds that the officers' warrantless search of the house and seizure of Lee must meet certain constitutional tests.

The importance of the expectation of privacy in one's home has been the subject of many reported state and federal cases. The Fourth Amendment to the United States Constitution fully describes "[t]he right of the people to be secure in their * * * houses * * * against unreasonable searches and seizures, * * * and no warrants shall issue, but upon probable cause, supported by oath * * *."

The United States Supreme Court held in *Coolidge* v. *New Hampshire* (1971), 403 U.S. 443, that in order for the "probable cause" exception to the warrant requirement for searches and seizures to apply, there must be "exigent circumstances" which would make it impracticable to first obtain a warrant.

At common law, a private dwelling seizure or arrest, excluding the presence of exigent circumstances, could be made only for a felony crime. See *Jones* v. *United States* (1958), 357 U.S. 493, 499-500; *Coolidge* v. *New Hampshire, supra,* at 480.

In 1980, the court held that the warrantless *arrest* of a person is a type of seizure which is required by the Fourth Amendment to be reasonable. *Payton* v. *New York* (1980), 445 U.S. 573, 585. With the *Payton* case, then, the United States Supreme Court established that the Fourth Amendment applies equally to seizures of persons and property. *Id.*

The arrest in the instant case was not in a public place (see *United States* v. *Watson* [1976], 423 U.S. 411) but, rather, within Lee's home.

In *United States* v. *Reed* (C.A. 2, 1978), 572 F. 2d 412, 424, certiorari denied (1978), 439 U.S. 913, the court stated that:

"The mere fact that the entry of the home is for the purpose of accomplishing an arrest rather than a search for or

seizure of 'things' does not affect the need for a warrant * * *.''

In the instant case, we are dealing with a misdemeanor crime. The distinction, of course, compared to a felony is the seriousness of the penalty involved; both classifications are defined in R.C. 2901.02 and Crim. R. 2.

As to the procedures for arrests, Crim. R. 4(A)(3) states that:

"In misdemeanor cases where a law enforcement officer is empowered to arrest *without* a warrant, he *may* issue a summons in lieu of making an arrest, when issuance of a summons appears reasonably calculated to assure the defendant's appearance * * *.'' (Emphasis added.)

Additionally, it is pointed out that once Lee was inside his home and the police had surrounded the house, the police had ample time to obtain a warrant, or to issue a summons at the scene. There are no exigent circumstances in this case.

It has been held in *State* v. *Wilson* (1981), 2 Ohio App. 3d 151, that "[a]bsent consent or exigent circumstances, police officers may not enter the home of a third person in order to execute an arrest warrant for a suspect without first obtaining a search warrant * * *.'' See, also, *Steagald* v. *United States* (1981), 451 U.S. 204.

Again, in *Payton* v. *New York, supra,* the police entered the *private* dwelling of the suspect to make an arrest without either a search warrant *or* an arrest warrant.

The holdings in *Payton, Wilson* and *Reed* clearly illustrate that Lee's arrest was unlawful. If the police cannot, absent exigent circumstances, make a warrantless entry into a home to make a felony arrest, it follows, then, that the police, absent exigent conditions, cannot make a warrantless entry into the defendant's home for a *misdemeanor* arrest.

Accordingly, the motion to suppress the evidence of Lee's presence and arrest in his own home is hereby granted. The evidence obtained without a search warrant is an unconstitutional seizure in violation of the Fourth Amendment.

*Motion to suppress granted.*