The STATE of Ohio, Appellee,

v.

POYNTER, Appellant.

[Cite as *State v. Poynter* (1992), 78 Ohio App.3d 483.]

Court of Appeals of Ohio,
Allen County.

No. 1-91-30.

Decided March 2, 1992.

*David Rodabaugh,* City Law Director, for appellee.

*Lawrence A. Huffman,* for appellant.

HADLEY, Presiding Judge.

Defendant-appellant, William B. Poynter, appeals from an order by the Lima Municipal Court overruling appellant's motion to suppress and/or dismiss. Subsequent to this order, appellant changed his plea to no contest and the court found him guilty of violating R.C. 4511.19.

In the early morning hours of January 13, 1991, Officer Schleter, a sergeant with the Lima Highway Patrol, was on duty traveling west on Interstate 81 in the right lane. Appellant was traveling south on Independence Road. Upon reaching Interstate 81, appellant pulled out about two or three feet into Officer Schleter's lane. Officer Schleter had to immediately swerve into the left lane to avoid contact with appellant. Appellant then drove east on Interstate 81. Officer Schleter turned around and followed him and estimated appellant's vehicle's speed at ten miles per hour. Appellant went a short distance and pulled left into a Union 76 gas station located on Interstate 81.

Officer Schleter followed appellant into the gas station and asked appellant to get out of his car. The officer noticed a strong odor of alcohol, red eyes, and a flushed face. Thereupon, the officer administered three field sobriety tests and believed appellant to be under the influence of alcohol. He arrested appellant for violating R.C. 4511.19 and read his *Miranda* rights. Appellant was taken to the patrol station and read a "Notification of Refusal or Agreement to Submit to a Chemical Test for Operating a Vehicle While Under the Influence of Alcohol and/or Drugs of Abuse" form ("refusal form") by the officer, which was witnessed. Rather than refusing the test, appellant submitted to a breath alcohol content test ("BAC").

At the hearing on the motion to suppress and/or dismiss, appellant argued that there was no probable cause to stop his vehicle on the morning of January 13, 1991, and that he was denied constitutional rights by not being notified that he could petition to have occupational driving privileges. The court disagreed with both arguments, and it is from the court's order that appellant asserts two assignments of error.

### Assignment of Error No. 1

"The trial court erred in overruling the motion to dismiss for want of probable cause to stop."

Contrary to appellant's claim that probable cause must exist before a valid and constitutional stop of an automobile can be made, the United States Supreme Court has stated there must exist only a "reasonable suspicion" for a police officer to stop an automobile. *Berkemer v. McCarty* (1984), 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317. In determining whether a stop of an

automobile was proper, the reviewing court must view the stop in light of the "totality of the surrounding circumstances." *State v. Freeman* (1980), 64 Ohio St.2d 291, 18 O.O.3d 472, 414 N.E.2d 1044, paragraph one of the syllabus.

A review of Officer Schleter's testimony at the motion hearing indicates that he had reasonable suspicions sufficient to warrant stopping appellant's vehicle. Appellant, in his attempt to drive east on Interstate 81, pulled out about two to three feet into Officer Schleter's lane, forcing Officer Schleter to swerve into the other westbound lane. This failure to yield could alone constitute reasonable suspicion sufficient to warrant stopping appellant's automobile. However, in addition to this activity, appellant also was driving only ten miles per hour in a forty-five-mile-per-hour zone. Therefore, we find that Officer Schleter had the reasonable suspicion necessary to make a valid stop of appellant's automobile. This assignment of error is overruled.

### Assignment of Error No. 2

"The trial court erred in overruling Defendant–Appellant's motion to suppress for lack of voluntary consent to the BAC test."

Appellant claims that his consent to taking the test was involuntary, because the officer failed to tell appellant that appellant could petition the court for driving privileges. The refusal form does not mention driving privileges and at the motion hearing, Officer Schleter's testimony indicated that he made no mention of driving privileges.

We find that a failure by the refusal form and Officer Schleter to mention the possibility of petitioning the court for driving privileges is not an indication of involuntary consent. Neither the implied-consent statute (R.C. 4511.-191) nor the advice-form statute (R.C. 4511.193) requires that an arrestee be informed that he could have his driving privileges restored. These two statutes are extensive in their requirements of what must be included in the refusal form, and driving privileges are not included.

Consent is involuntary only if it is given in submission to authority, rather than as an understanding, intelligent waiver. *Lakewood v. Smith* (1965), 1 Ohio St.2d 128, 30 O.O.2d 482, 205 N.E.2d 388. Here, appellant has not argued that he did not understand the form or that he signed the form only because it was a police officer asking him to do so. Therefore, the consent was voluntary.

Also, appellant argues that the failure of the refusal form to mention the ability to petition the court for occupational driving privileges was unconstitutional because it did not fully advise him of his rights. We disagree. Again, R.C. 4511.191 and R.C. 4511.193 are very extensive in their

requirements for a refusal form, and informing an arrestee of the ability to petition the court for occupational driving privileges is not included. The legislature has not deemed this to be one of the requirements and we find no justification to expand the requirements for the refusal form.

Therefore, this assignment of error is overruled and the judgment of the Lima Municipal Court is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT and SHAW, JJ., concur.