DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Pamela L. Cooper, appeals from the judgment in the Summit County Court of Common Pleas denying her motion to suppress. We affirm.
 I. {¶ 2} On January 6, 2003, the Summit County Grand Jury indicted Ms. Cooper on two separate counts: (1) possession of cocaine, in violation of R.C. 2925.11(A); and (2) illegal use or possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1). Ms. Cooper subsequently moved to suppress the evidence obtained during the warrantless search and seizure of her person and her apartment. The trial court denied Ms. Cooper's motion to suppress.
 {¶ 3} Thereafter, Ms. Cooper pled no contest to the possession of cocaine and the illegal use or possession of drug paraphernalia charges. The trial court found Ms. Cooper guilty and sentenced her accordingly. Ms. Cooper timely appeals and raises one assignment of error for review.
 II. Assignment of ErrorAssignment of Error
"The Trial Court Erred In Overruling [Ms. Cooper's] Motion To Suppress Evidence Seized In The Warrantless Search Of [Ms. Cooper's] Apartment, In Violation Of The Fourth Amendment To The United States Constitution And Article One, § 14, Of The Ohio Constitution, Where There Was No Consent, Exigent Circumstances, Or Reasonable And Articulable Facts Justifying The Warrantless Intrusion And Protective Sweep."
 {¶ 4} In her sole assignment of error, Ms. Cooper avers that the trial court erred in denying her motion to suppress on three grounds: (1) she did not consent to the police officers' entrance into her apartment; (2) she did not consent to the police officers' request to search her apartment; and (3) the police officers' protective sweep was not pursuant to a lawful arrest nor supported by reasonable and articulable facts that a person in the apartment posed a danger to the officers. We disagree.
 {¶ 5} When ruling on a motion to suppress, the trial court makes both factual and legal findings. State v. Jones, 9th Dist. No. 20810,2002-Ohio-1109, at ¶ 9. Accordingly, "the evaluation of evidence and the credibility of witnesses are issues for the trier of fact."State v. Smith (1991), 61 Ohio St.3d 284, 288; State v. Hopfer (1996),112 Ohio App.3d 521, 548. It follows that an appellate court's review of a motion to suppress involves both questions of law and fact. State v.Long (1998), 127 Ohio App.3d 328, 332; State v. Nietfeld (Sept. 28, 2001), 3rd Dist. No. 2-01-05, 2001-Ohio-2285. Thus, an appellate court "is bound to accept factual determinations of the trial court made during the suppression hearing so long as they are supported by competent and credible evidence." State v. Searls (1997), 118 Ohio App.3d 739, 741;State v. Guysinger (1993), 86 Ohio App.3d 592, 594. However, an appellate court's review of the trial court's application of law to those facts is de novo. Searls, 118 Ohio App.3d at 741. See, also, Ornelas v.United States (1996), 517 U.S. 690, 699, 134 L.Ed.2d 911.
 {¶ 6} The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibits unreasonable searches and seizures. See Maryland v. Buie (1990),494 U.S. 325, 331, 108 L.Ed.2d 276. Section 14, Article I of the Ohio Constitution contains nearly identical language as found in theFourth Amendment, and "its protections are coextensive with its federal counterpart." State v. Kinney (1998), 83 Ohio St.3d 85, 87. Courts must exclude evidence obtained in violation of these constitutional guarantees. See Mapp v. Ohio (1961), 367 U.S. 643, 655-656,6 L.Ed.2d 1081.
 {¶ 7} "The `physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed.'" Middletown v.Flinchum (2002), 95 Ohio St.3d 43, 44, 2002-Ohio-1625, quoting UnitedStates v. United States Dist. Court for the E. Dist. of Michigan (1972),407 U.S. 297, 313, 32 L.Ed.2d 752. Accordingly, warrantless searches and seizures are per se unreasonable; however, various exceptions exist to validate a warrantless search or seizure. State v. Pi Kappa AlphaFraternity (1986), 23 Ohio St.3d 141, 143-144, quoting Katz v. U.S.
(1967), 389 U.S. 347, 357, 19 L.Ed.2d 576. See, also, Payton v. NewYork (1980), 445 U.S. 573, 590, 63 L.Ed.2d 639. The state bears the burden to demonstrate that the warrantless search falls within one of the established exceptions. State v. Kessler (1978), 53 Ohio St.2d 204,207.
 {¶ 8} As Ms. Cooper has raised three bases to support her contention that the trial court erroneously denied her motion to suppress, we will address each basis in turn.
 {¶ 9} In regard to the first basis, Ms. Cooper did give the officers permission to enter her apartment. A person can demonstrate consent to enter either expressly or impliedly. State v. Schroeder
(Oct. 26, 2001), 6th Dist. No. WD-00-076; State v. Asworth (Apr. 11, 1991), 10th Dist. No. 90AP-916. Courts have found such actions as opening a door and stepping back, or leading an officer through an open door without expressing an intent that he should not follow constitute implied consent. Schroeder, supra, Asworth, supra. Further, voluntarily opening a door constitutes voluntary consent to step into the threshold of an apartment. State v. Robinson (1995), 103 Ohio App.3d 490, 495. Additionally, "[t]here is a recognized difference between consent granted to the police to enter [an apartment] to conduct an interview and consent granted to conduct a search." Schroeder, supra, citing Lakewood v.Smith (1965), 1 Ohio St.2d 128, paragraph one of the syllabus.
 {¶ 10} At the suppression hearing, Detective Chris Carney testified that he knocked on Ms. Cooper's door and she eventually came to the door. He further testified that he identified himself as a police officer and informed Ms. Cooper that the Akron Police Department had received numerous drug complaints concerning her apartment and officers had observed "short-term vehicle traffic and foot traffic coming from [her apartment]." Detective Carney explained that he asked Ms. Cooper "[d]o you mind if I come in and talk to you?" In response to his inquiry, Detective Carney stated that Ms. Cooper opened the door and held it open and he and the other officers entered the apartment and proceeded to the living room.
 {¶ 11} In light of the facts of this case, we find Ms. Cooper permitted the officers to enter the threshold of her apartment as demonstrated by her actions. See Robinson, 103 Ohio App.3d at 495; Statev. Sutton, 7th Dist. No. 01-CA-181, 2002-Ohio-6901, at ¶ 18. If Ms. Cooper did not want the officers to enter the apartment, she could have stepped outside the doorway and shut the door. See Sutton at ¶ 18 (stating that the defendant could have stepped outside and shut the door to evince his intent not to allow the officers to enter his apartment). Accordingly, we conclude that the officers acted properly in entering Ms. Cooper's apartment.
 {¶ 12} Next, we must determine whether the officer conducted the warrantless search with Ms. Cooper's consent, thereby negating the necessity to procure a warrant. A search conducted pursuant to consent is a recognized exception to the warrant requirement. Schneckloth v.Bustamonte (1973), 412 U.S. 218, 219, 36 L.Ed.2d 854. See, also, Statev. Kruger, 9th Dist. No. 20830, 2002-Ohio-1750, at ¶ 12. To demonstrate a search based on consent, the state must show by "clear and positive" evidence that the consent was "freely and voluntarily" given based on the totality of the circumstances. State v. Posey (1988),40 Ohio St.3d 420, 427; Schneckloth, 412 U.S. at 222; United States v.Jones (C.A. 6 1981), 641 F.2d 425, 429. "It has been recognized that even the existence of subtle coercion may flaw a person's judgment, inhibit free choice and invalidate consent." State v. Ludington (Aug. 23, 2000), 7th Dist. No. 99 CO 13, citing United States v. Watson
(1976), 423 U.S. 411, 424, 46 L.Ed.2d 598. "Clear and positive" evidence is equivalent to clear and convincing evidence. State v. Danby (1983),11 Ohio App.3d 38, 41.
 {¶ 13} Detective Carney stated that while in Ms. Cooper's apartment he asked her if "anybody else [was] in the house?" She responded that she "[didn't] think so." Detective Carney then testified that he asked if he could confirm that there were no other individuals in the apartment. Ms. Cooper responded, "Go ahead. I have nothing to hide." At this point, oral consent was established. See Sutton at ¶ 23. Detective Carney explained that Ms. Cooper never indicated that she wanted the officers to leave the apartment and she stated numerous times, "I have nothing to hide. Go ahead." He further explained that at no point did the officers use force, threaten Ms. Cooper, or draw their weapons. We note that Ms. Cooper did not present any evidence that her consent was not voluntary. Therefore, based on the totality of the circumstances, clear and positive evidence exists to demonstrate that Ms. Cooper's consent was fully and voluntarily given.
 {¶ 14} Finally, we must determine whether Detective Carney had the authority to conduct a protective sweep once he was inside the apartment. A police officer may conduct a protective sweep when articulable facts exist which, taken together with the rational inferences from those facts, justify a reasonably prudent officer's belief that the area to be swept harbors an individual posing a danger to those on the arrest scene. Buie, 494 U.S. at 334. The Court defined the scope of a protective sweep as "a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others. It is narrowly confined to a cursory visual inspection of those places in which a person might be hiding." Id. at 327.
 {¶ 15} In this case, we find that Detective Carney did not conduct a protective sweep of Ms. Cooper's apartment. Rather, the record reveals that he searched Ms. Cooper's apartment after receiving her consent to do so. As this search cannot be categorized as a protective sweep, we cannot say that the State needed to prove that Detective Carney conducted the protective sweep pursuant to a lawful arrest or that he had a reasonable and articulable suspicion that a person in the apartment posed a danger to him or the other officers. Consequently, Ms. Cooper's sole assignment of error is overruled.
 III. {¶ 16} Ms. Cooper's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
BAIRD, P.J. CONCURS IN JUDGMENT ONLY.
WHITMORE, J. CONCURS.