OPINION
{¶ 1} This case arises from a denial of a motion to suppress, with a subsequent no-contest plea to Driving Under the Influence, R.C. § 4511.19(A)(1)(a)(3), Driving Under Suspension/Revocation, R.C. § 4507.02(D)(2); Impeding Traffic, R.C. § 4511.22, and No Seat Belt, R.C. § 4513.263(B)(1).
 STATEMENT OF FACTS {¶ 2} The facts indicate that Appellant was stopped at a traffic light in the city of Massillon, Ohio, at approximately 2:00 A.M. A police cruiser was located immediately behind Appellant. The officer did not recall other traffic. After the light changed, Appellant waited about five seconds before proceeding.
 {¶ 3} No violations were observed in Appellant's driving, but the officer determined that the hesitation in starting warranted a stop to investigate as to driving while impaired.
 {¶ 4} In its ruling, the court relied on this court's decision in State v. Lyons (June 16, 2003), Fifth District App. No. CA942, 2003-Ohio-3205, to the effect that a subjective standard as to an officer's beliefs applied rather than an objective one as to conduct observed.
 {¶ 5}
 {¶ 6} Appellant assigns the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 7} "I. The trial court erred by failing to apply the correct law denying appellant's motion to suppress.
 {¶ 8} "II. The trial court erred in finding the arresting officer had reasonable cause to stop the appellant's vehicle for violating R.C. 4511.22(A)."
 {¶ 9} We will address the First and Second Assignments of Error as both allege error in the trial court's denial of Appellant's Motion to Suppress.
 {¶ 10} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982), 1 Ohio St.3d 19;State v. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See:State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry
(1994), 95 Ohio App.3d 93, 96, State v. Claytor (1993),85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and State v. Guysinger
(1993), 86 Ohio App.3d 592. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 11} Assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any give case. State v. Curry
(1994), 95 Ohio App.3d 93; State v. Claytor (1993),85 Ohio App.3d 623.
 {¶ 12} Addressing the basis for a legal right to stop a vehicle, we agree with and quote Appellant's statement of the law on Page 3 of his brief:
 {¶ 13} "An officer may make a brief investigating stop of an individual even though there is no probable cause for arrest.Terry v. Ohio (1968), 392 U.S. 1. Such stop cannot be legally made absent a particularized and objective basis for suspecting the particular person stopped of criminal activity. UnitedStates v. Cortez, (1981) 449 U.S. 411. Additionally, there must be a reasonable articulable suspicion of criminal activity. U.S.v. Soholow (1989) 490 U.S. 1, 104. Before making a traffic stop, the officer must have a reasonable suspicion that a traffic law is being violated, or that criminal activity is being carried on.Berkmer v. McCarty (1984) 468 U.S. 420, 439."
 {¶ 14} An objective basis for a stop is still a requirement. The Ohio Supreme Court stated in Dayton v. Erickson (1996),76 Ohio St.3d 3, 1996-Ohio-431:
 {¶ 15} "Determining whether traffic stop violates Fourth Amendment requires objective assessment of police officer's actions in light of facts and circumstances then known to officer; question does not depend upon officer's actual, subjective state of mind. U.S.A. Const. Amend. 4."
 {¶ 16} As the court clearly predicated his decision on this court's ruling in State v. Lyons, supra, we must re-examine the facts in such case and the ruling which we utilized.
 {¶ 17} Such case involved an anonymous tip as to a drunken driver.
 {¶ 18} The officer verified the vehicle and number of occupants matched the tip. He then followed such vehicle and observed erratic driving in swerving back and forth in its lane and then crossing the white edge line. Based upon such observations, we determined that the officer involved had a reasonable articulable basis for his stop even though initially notified by an anonymous caller.
 {¶ 19} We did not abrogate the necessity of objective verification in favor of a subjective conclusion in our decision in State v. Lyons, supra.
 {¶ 20} We therefore respectfully find that reliance uponState v. Lyons, supra, in this regard is misplaced.
 {¶ 21} This case is remarkably similar to the facts in Statev. Echols (June 26, 1998), 11th Dist. App. No. 97-T-0101, as to a time delay in proceeding.
 {¶ 22} In that case, the defendant-appellant stopped for eight to ten seconds, thereby prohibiting an immediate left turn by an officer. It also occurred in the early morning hours with no traffic and the stop resulted in a driver with a prohibited alcohol concentration.
 {¶ 23} In Echols, supra, the court found insufficient probable cause for the stop and followed State v. Poynter
(1992), 78 Ohio App.3d 483:
 {¶ 24} "Also, although one may be stopped for going substantially under the speed limit, generally such a defendant has been found to have been seriously impeding traffic or going unreasonable slow to create a safety risk before a stop is justified."
 {¶ 25} Also, there is no indication in the record as to prior knowledge by the officer as to Appellant's driving record at the time of the stop.
 {¶ 26} We therefore determine that the slight delay in proceeding was not a serious event nor did it constitute a safety problem warranting the stop of Appellant's vehicle. Probable cause was lacking.
 {¶ 27} This cause is reversed, with the Motion to Suppress sustained at Appellee's costs and remanded for proceeding consistent with this opinion.
Boggins, J., Farmer, P.J. and Wise, J. concur.