DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which found appellant guilty of one count of possession of crack cocaine in violation of R.C. 2925.11, a second degree felony. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Ricky Darrnell Thompson, sets forth the following two assignments of error:
 {¶ 3} "A. The trial court erred to the prejudice of the defendant-appellant when it overruled his motion to suppress evidence, where such evidence was obtained through an unreasonable `no knock' search of the private home in violation of his rights under the U.S. and Ohio Constitutions.
 {¶ 4} "B. Defendant-appellant was deprived of his right to the effective assistance of counsel pursuant to the Sixth andFourteenth Amendments to the United States Constitution, when (1) his attorney filed to protect his right to confront witnesses against him (2) to challenge the validity of the `no-knock' search warrant and (3) in failing to object to prejudicial references during trial to the presence of a weapon."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. In August 2004, the Toledo Police Department received a tip from a reliable confidential informant of illegal drug sales occurring in a residence in north Toledo. Based upon the tip, the Toledo Police Department performed surveillance of activity at the residence during August of 2004. The surveillance results corroborated the tip. The Toledo Police Department successfully conducted a "controlled buy" at the residence on August 29, 2004. Chemical testing verified that crack cocaine was being sold from the premises.
 {¶ 6} Based upon information from the confidential informant, collaborating surveillance results, and a successful "controlled buy" of crack cocaine, the Toledo Police Department secured a "no knock" search warrant for the premises. On August 31, 2004, the Toledo Police swat team executed the warrant. Officers recovered a baggie of suspected drugs from plain view on the floor of the residence. Chemical testing confirmed the substance was crack cocaine, the same drug sold in the "controlled buy."
 {¶ 7} During execution of the search warrant, appellant confessed to the officers that there was crack cocaine present and it belonged to him. At the time appellant confessed to possessing crack cocaine, the officers had not disclosed to appellant what type of drug they suspected was contained in the baggie they recovered.
 {¶ 8} On October 28, 2004, appellant was indicted for one count of possession of crack cocaine in violation of R.C. 2925.11. On November 15, 2004, appellant entered a not guilty plea to the sole count in the indictment. On December 13, 2004, a pretrial was conducted. On January 21, 2005, appellant filed a motion to suppress alleging the search warrant was improper. On January 24, 2005, oral arguments were heard on appellant's motion to suppress. The trial court denied the motion to suppress. On February 3, 2005, the matter proceeded to jury trial. Appellant was found guilty and sentenced to a term of incarceration of four years. On March 9, 2005, a timely notice of appeal was filed.
 {¶ 9} In his first assignment of error, appellant claims the trial court erred in denying his motion to suppress. In support, appellant maintains the "no knock" search warrant was unreasonable and improper. Without elaboration, appellant argues that the "attitude of the members of the police department who executed said no knock search warrant" constitutes evidence of unreasonableness. Appellant also argues the warrant should fail based upon the evidence presented to the issuing court.
 {¶ 10} The Ohio Supreme Court has determined that appellate review of a motion to suppress determination constitutes a mixed question of law and fact. An appellate court must not reject the trial court's factual findings if they are supported by competent, credible evidence. If so supported, the appellate court then independently determines whether these facts satisfy the proper legal standard. State v. Boyd, 6th Dist. No. L-04-1173, 2005-Ohio-3044, ¶ 10. When contemplating the propriety of a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve factual questions and to evaluate witness credibility. State v. Mills (1992), 62 Ohio St.3d 357, 366, citing to State v. Fanning (1982), 1 Ohio St.3d 19, 20.
 {¶ 11} R.C. 2933.231 sets forth the statutory preconditions for a nonconsensual entry warrant such as that at issue in this case. R.C. 2933.231(B) establishes that in order to demonstrate the need for a "no knock" search warrant, the affidavit in support of the warrant must contain the following: (1) a statement that the affiant has cause to believe a risk of physical harm would ensue if the standard nonconsensual entry preconditions were followed; (2) a statement of the facts upon which the affiant's belief is based; (3) a statement verifying the property address of the premises to be searched as the proper search location in connection to the criminal offense; and (4) a request that the statutory precondition for nonconsensual entry be waived.
 {¶ 12} In order to determine the validity of appellant's first assignment of error, we must focus our attention upon the content of the affidavit in support of the search warrant submitted by Detective Bragg and upon the transcript of the suppression hearing. Our review of Detective Bragg's affidavit reveals that it complies with the statutory mandates of R.C. 2933.231(B) to justify a "no knock" search warrant. All of the statutory mandates were contained in the affidavit.
 {¶ 13} In conjunction with this conclusion, our review of the entire record persuades us to concur with the trial judge's conclusion at the suppression hearing. There was no evidence of any misrepresentation in the affidavit so as to undermine the search warrant. Sufficient evidence of probable cause was presented. The trial court's decision was supported by competent, credible evidence. The legal standards required by R.C. 2933.231 were met. Appellant's first assignment of error is not well-taken.
 {¶ 14} In his second assignment of error, appellant maintains he was denied the effective assistance of counsel. In support, appellant relies upon and cites three instances of perceived prejudicial error on the part of trial counsel. First, the identity of the confidential informant was never obtained by trial counsel. Second, appellant claims his trial counsel did not challenge the "no knock" search warrant. Lastly, appellant claims that testimony heard without objection about the presence of a gun inside the premises prior to execution of the search warrant unfairly prejudiced appellant's possession of crack cocaine trial.
 {¶ 15} The right to the assistance of counsel is guaranteed under Section 10, Article I, Ohio Constitution and theSixth Amendment to the United States Constitution. Because appointed counsel is presumed competent, an appellant bears the burden of proving his counsel was ineffective. Strickland v. Washington (1984), 466 U.S. 668, 687, andState v. Lott (1990), 51 Ohio St.3d 160, 174, certiorari denied (1990),498 U.S. 1017.
 {¶ 16} Prevailing case law dictates that in order to demonstrate a valid claim of ineffective assistance of counsel, it must be shown that counsel so significantly undermined the functioning of the adversarial trial process, that the trial cannot be adequately relied upon as having produced a fair and just result. State v. Leggett, 6th Dist. No. L-03-1170, 2004-Ohio-4843, ¶ 25.
 {¶ 17} The burden of proof on an ineffective assistance of counsel claim is twofold. First, it must be established that the legal representation fell beneath an objective threshold of reasonableness. Second, it must be shown by a reasonable degree of probability that, but for counsel's ineffective acts, the outcome of the trial would have been different. This is an extremely high threshold to meet.
 {¶ 18} Appellant's first avenue of arguing ineffective assistance of counsel pertains to the identity of the confidential informant. Appellant contends his counsel's failure to demand the identity of the confidential informant denied him an opportunity to cross examine the informant. In examining this prong of the argument, we first reiterate that appellant voluntarily confessed to possession of crack cocaine during execution of the search warrant.
 {¶ 19} The record shows that this confidential informant had proven reliable in his past dealings with the Toledo Police Department. More significantly, the record reveals the confidential informant did not testify to the grand jury or testify at trial. We simply cannot say that there is any discernible possibility the outcome of this trial would have been different had appellant known the identity of one who did not serve as a witness in any of the proceedings. Appellant was convicted on one count of possession of crack cocaine. Appellant confessed during the search. There is no evidence that the identity of the confidential informant would have altered the outcome of those events.
 {¶ 20} Appellant next contends his counsel failed to challenge the search warrant, and said failure comprises evidence of ineffective assistance of counsel. On the contrary, the record reveals that appellant's counsel did, in fact, challenge the validity of the search warrant. Appellant's counsel unsuccessfully attempted to show during the motion to suppress hearing that the affiant had put misrepresentations in the affidavit in contravention of Franks v. Delaware (1978),438 U.S. 154, 155. However, the court correctly determined there was no evidence of misrepresentation by the affiant.
 {¶ 21} We find that appellant's argument is moot based upon our conclusion that the underlying search warrant was valid and proper. Failure to challenge a facially valid affidavit and warrant cannot be construed as ineffective assistance of counsel. Either way, the record shows the warrant was challenged.
 {¶ 22} Lastly, appellant claims his counsel was ineffective in failing to object to testimony regarding the presence of a gun inside the premises prior to execution the search warrant. Appellant claims this testimony unfairly prejudiced him during his trial for possession of crack cocaine. We find absolutely nothing in the record to support the notion that reference to the presence of a gun utilized in an affidavit to secure the search warrant had any impact or prejudicial influence upon the jury in finding appellant guilty of possession of crack cocaine. Appellant's second assignment of error is not well-taken.
 {¶ 23} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.