DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. Darnell A. Tarver, defendant below and appellant herein, pled no contest to drug possession in violation of R.C. 2925.11 and assigns the following error for review:
 "THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION TO DISMISS." *Page 2 
 {¶ 2} On July 14, 2005, the "US 23 Pipeline Task Force" (task force) received word from a confidential informant that a black male known as "Darnell" was traveling from Dayton to Ross County to exchange money with him for "crack cocaine." The informant told the task force that "Darnell" typically drove a "gold Malibu" vehicle.
 {¶ 3} Later that day, "Darnell" contacted the informant and asked him to meet at the Dairy Queen on North High Street. Task force members drove the informant to that location. The informant exited the vehicle, walked to the rear of the Dairy Queen, met with a black male and got into an Oldsmobile with him. The car then drove up the alley and turned right onto Arch Street. At this point, the Ross County Sheriffs Department stopped the vehicle.
 {¶ 4} Task force members performed pat-down searches on the vehicle's occupants.[1] One occupant, later identified as the appellant, had a baggie of "green leafy vegetation" in one pocket and a baggie of "white rocks" in the other pocket. Once the officers found the drugs, they arrested appellant.
 {¶ 5} The Ross County Grand Jury returned an indictment charging appellant with drug possession (cocaine) in violation of R.C. 2925.11. He pled not guilty and filed a motion to suppress evidence on grounds that the task force lacked "legal justification" to stop the car. The prosecution opposed the motion and the parties submitted the matter to the court on stipulated police reports. After reviewing the stipulated evidence, the trial court overruled the motion. Subsequently, appellant pled no contest, the trial court found appellant guilty and sentenced appellant to serve three years in prison. This appeal followed. *Page 3 
 {¶ 6} The gist of appellant's assignment of error is that the trial court erred by overruling his motion to suppress evidence.[2] We disagree. Our analysis begins with the proposition that appellate review of a trial court's decision on a motion to suppress involves a mixed question of law and fact. State v. Book, 165 Ohio App.3d 511,847 N.E.2d 52, 2006-Ohio-1102, at ¶ 9; State v. Long (1998), 127 Ohio App.3d 328,332, 713 N.E.2d 1. When hearing motions to suppress evidence, trial courts assume the role of trier of fact because they are in position to resolve factual disputes and to evaluate witness credibility. State v.Burnside, 100 Ohio St.3d 152, 797 N.E.2d 71, 2003-Ohio-5372, at ¶ 8;State v. Mills (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. Generally, appellate courts must accept a trial court's factual findings if competent and credible evidence supports those findings. State v.Metcalf (1996), 111 Ohio App.3d 142, 145, 675 N.E.2d 1268; State v.Harris (1994), 98 Ohio App.3d 543, 546, 649 N.E.2d 7. Appellate courts then review de novo a trial court's application of the law to those facts. Book, supra at ¶ 9; State v. Williams (1993), 86 Ohio App.3d 37,41, 619 N.E.2d 1141. With these principles in mind, we turn our attention to the issue in the case at bar.
 {¶ 7} The central question in this matter is whether law enforcement officers conducted a constitutionally permissible stop. Appellant asserts that the task force lacked "probable cause" to stop the vehicle because no evidence established that the informant, and hence the information that law enforcement received, was reliable.
 {¶ 8} The Fourth and Fourteenth Amendments to the United States Constitution, and Section 14, Article I of the Ohio Constitution, protect individuals *Page 4 
against unreasonable searches and seizures. Delaware v. Prouse (1979),440 U.S. 648, 662, 99 S.Ct. 1391, 59 L.Ed.2d 660; State v. Gullett
(1992), 78 Ohio App.3d 138, 143, 604 N.E.2d 176. Searches and seizures conducted outside the judicial process, without prior approval by either a judge or magistrate, are per se unreasonable under theFourth Amendment subject only to specifically established and well-delineated exceptions. Katz v. United States (1967), 389 U.S. 347, 357,88 S.Ct. 507, 514, 19 L.Ed.2d 576; State v. Sneed (1992), 63 Ohio St.3d 3, 6-7,584 N.E.2d 1160; State v. Braxton (1995), 102 Ohio App.3d 28, 36,656 N.E.2d 970.
 { ¶ 9} One exception to the warrant requirement includes short, investigative stops. An investigative stop may be conducted on less than probable cause if an officer can articulate specific facts that would warrant a person of reasonable caution to believe that a crime is being committed or has been committed. Terry v. Ohio (1968), 392 U.S. 1, 21,88 S.Ct. 1868, 20 L.Ed.2d 889; also see Chillicothe v. Frey,156 Ohio App.3d 296, 805 N.E.2d 551, 2004-Ohio-927, at ¶ 14; State v.Garrett, Adams App. No. 05CA802, 2005-Ohio-5155, at ¶¶ 10.[3]
 {¶ 10} In the case sub judice, the drug task force received information from an informant that someone named "Darnell" was driving from Dayton to Ross County to deliver crack-cocaine in exchange for money. The informant spoke with "Darnell" *Page 5 
several times on a cell phone in the presence of task force members. The informant also described "Darnell" as a "black male." During the last conversation, "Darnell" directed the informant to meet him behind a Dairy Queen. The task force then drove the informant to that exact location. There, the informant met with an African-American male, entered a vehicle with that man and the vehicle proceeded to exit the parking lot. We agree with the trial court's conclusion that the information received from the informant, together with the task force's own observation of the cell phone calls and events at the Dairy Queen, established a reasonable belief of criminal activity and provided sufficient justification for an investigative stop.
 {¶ 11} Appellant argues, however, that the stipulated evidence does nothing to establish the informant's reliability or credibility. Thus, he asserts, the trial court erred insofar as it determined that the informant's tip was sufficient to justify the stop. Again, we disagree.
 {¶ 12} We readily acknowledge the appellant is correct, as an abstract proposition of law, that information from a confidential informant cannot form the basis of a reasonable suspicion to stop a vehicle unless some indicia of reliability are shown. Alabama v. White (1990),496 U.S. 325, 328-329, 110 S.Ct. 2412, 110 L.Ed.2d 301; State v. Rivera, Lucas App. No. L-04-1369, 2006-Ohio-1867, at ¶¶ 17-19; State v.Koueviakoe, Gallia App. No. 04CA11, 2005-Ohio-852, at ¶ 20. Appellant is also correct that no direct evidence established the informant's credibility and reliability. We believe, however, that the totality of the circumstances in the instant case provided a sufficient indicia of reliability to permit justifiable reliance on the informant's information. First, Detective Large wrote in his report that he listened to one of the cell phone conversations between the informant and "Darnell." Detective Large personally heard *Page 6 
"Darnell" (1) ask the informant how much money he had in his possession, and (2) tell the informant that "he was on his way down and would be in town in approximately 45 minutes." This partial corroboration of the tip helps to establish the informant's reliability. See State v.Thompson, Lucas App. No. L-05-1081, 2006-Ohio-6998, at ¶¶ 5-6; State v.Remy, Ross App. No. 03CA2731, 2004-Ohio-3630, at ¶ 26.
 {¶ 13} Second, although no indication exists that the task force listened in on conversations, law enforcement officers were present when the informant received other cell phone calls from "Darnell." The informant's tip that "Darnell" would arrive at the Dairy Queen was also accurate. Although "Darnell" did not arrive in a "gold Malibu," as the informant said he typically drove, task force reports reveal that "Darnell" was a passenger in the vehicle rather than driver. Accordingly, no basis exists for finding that the informant's information was incorrect on this point.
 {¶ 14} Third, this is not a case of an anonymous phone tipster who would be impervious to punitive measures if he led the task force astray. Here, the informant physically stayed with the task force as they conducted the investigation. Moreover, if the information had proven to be false, the informant might have been subject to criminal penalties for making a false police report. See R.C. 2917.32(A)(3). Generally, the risk of arrest helps to establish informant reliability. See Adams v. Williams (1972), 407 U.S. 143, 146-147, 92 S.Ct. 1921,32 L.Ed.2d 612.
 {¶ 15} We agree that it may have been helpful for additional, specific evidence to have been included in the record to show how long the task force used the informant and whether he had proven to be reliable in the past. However, the absence of such evidence does not necessarily render a Terry stop constitutionally infirm. Indicia of reliability that may not be sufficient to constitute probable cause to issue a search *Page 7 
warrant may be sufficient to form the reasonable belief of criminal activity necessary for a Terry investigative stop. State v. Murphy (Dec. 21, 1990), Greene App. No. 90CA35. We believe that the particular facts and circumstances in this case sufficiently established the informant's reliability and his tip, in conjunction with the drug task force's investigation, justified the vehicle's stop.
 {¶ 16} For these reasons, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.
i. JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McFarland, P.J.: Concurs in Judgment Opinion Harsha, J.: Concurs in Judgment Only with Opinion
[1] Two other individuals sat in the vehicle in addition to the informant and "Darnell."
[2] The actual assignment of error asserts that the trial court erred by denying the motion to "dismiss." We presume appellant means his motion to suppress evidence.
[3] The "reasonable suspicion" standard necessary for a validTerry stop is a lesser standard, and is not synonymous with "probable cause." See Alabama v. White (1990), 496 U.S. 325, 330, 110 S.Ct. 2412,110 L.Ed.2d 301; also see State v. Brandenburg (1987),41 Ohio App.3d 109, 110, 534 N.E.2d 906. Thus, contrary to the assertion in appellant's brief, the task force was not required to show a probable cause basis for the stop. State v. Zampini (1992), 79 Ohio App.3d 608, 610,607 N.E.2d 933; State v. Poynter (1992), 78 Ohio App.3d 483, 485,605 N.E.2d 429; also see United States v. Hines (C.A.4 1991), 943 F.2d 348, 352;United States v. Topia (C.A.11 1990), 912 F.2d 1367, 1370.