DECISION AND JUDGMENT ENTRY
{¶ 1} The State of Ohio appeals the trial court's judgment granting appellee's motion to suppress. The state contends that the court erred by determining that the officer lacked reasonable suspicion or probable cause to stop a vehicle when he observed a passenger in that vehicle whom the officer thought resembled another individual wanted for arrest. Because the trial court determined that the officer failed to sufficiently describe how appellee resembled the other individual, the court properly concluded that the officer lacked reasonable suspicion or probable cause to stop the vehicle. Therefore, the court did not err by granting appellee's motion to suppress, and we affirm the trial court's judgment.
 {¶ 2} In November of 2002, appellee was charged with improper handling of a firearm in a motor vehicle, in violation of Chillicothe City Ordinance 549.04, and an open container violation, in violation of Chillicothe City Ordinance 529.07(b)(4). Appellee subsequently filed a motion to suppress. He argued that the arresting officer lacked probable cause or reasonable suspicion to stop the vehicle in which he was a passenger.
 {¶ 3} At the suppression hearing, Chillicothe Police Officer Samuel Spetnagel testified that on November 9, 2002, at approximately 12:30 a.m., he observed a vehicle pass by the dimly lit intersection of Plyley's Lane and Western Avenue. The officer stated that his patrol car provided the only illumination as the vehicle passed him. As the officer observed the profile of appellee, a passenger in the back seat of the vehicle, the officer thought that appellee was William Umphries, who had an outstanding arrest warrant. He thus decided to stop the vehicle. As the officer approached the vehicle, he saw a long rifle in the back seat. He then asked appellee for identification and discovered that appellee was not Umphries.
 {¶ 4} When questioned by the court as to whether he was "convinced" that appellee was Umphries, the officer stated "yes." In explaining why he thought appellee was Umphries, the officer stated that the last time he saw Umphries, which was approximately four or five years earlier, Umphries had short hair and the officer thought he also had a goatee. However, the officer admitted that he was not certain that Umphries had a goatee when the officer last saw him. When the officer saw appellee's profile, he observed that appellee had short hair and a goatee. The officer explained that he "honestly believed" that appellee was Umphries, but was unable to describe how appellee resembled Umphries, except to state that they both had short hair and that perhaps Umphries, like appellee, had a goatee.
 {¶ 5} The trial court subsequently granted appellee's motion to suppress. The court found that the arresting officer stopped the vehicle based upon his belief that appellee was a person by the name of Umphries, for whom an active arrest warrant existed. The court found that the officer had not seen Umphries for four or five years, he did not describe what Umphries looked like, and he did not explain any similarity between the appearance of Umphries and appellee. The court did "not find it reasonable to rely on a more than four year old memory of a person and a passing glance to make a traffic stop."
 {¶ 6} The state timely appealed the trial court's judgment and raises the following assignment of error: "The trial court erred by sustaining a motion to suppress filed by the defendant-appellee because the evidence adduced on such motion confirmed that the officer had a reasonable articulable suspicion to make the stop and inquiry in this case."
 {¶ 7} In its sole assignment of error, the state argues that the trial court erred by sustaining appellee's motion to suppress. The state contends that the court improperly concluded that the officer's observation of a passenger in a vehicle whom he believed to be an individual wanted for arrest did not provide the officer with reasonable suspicion or probable cause to stop the vehicle.
 {¶ 8} Appellate review of a trial court's decision regarding a motion to suppress involves mixed questions of law and fact. See State v. Featherstone, 150 Ohio App.3d 24, 778 N.E.2d 1124,2002-Ohio-6028, at ¶ 10 (citing State v. Vest (May 29, 2001), Ross App. No. 00CA2576); State v. Long (1998),127 Ohio App.3d 328, 332, 713 N.E.2d 1. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. See State v. Dunlap (1995), 73 Ohio St.3d 308,314, 652 N.E.2d 988; State v. Fanning (1982), 1 Ohio St.3d 19,20, 437 N.E.2d 583. Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. See Dunlap, supra;Long, supra; State v. Medcalf (1996), 111 Ohio App.3d 142,675 N.E.2d 1268. The reviewing court then must independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case. See Featherstone; State v. Fields (Nov. 29, 1999), Hocking App. No. 99 CA 11. See, generally, United States v.Arvizu (2002), 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740;Ornelas v. United States (1996), 517 U.S. 690, 116 S.Ct. 1657,134 L.Ed.2d 911.
 {¶ 9} The Fourth Amendment to the United States Constitution protects individuals against unreasonable governmental searches and seizures. See, e.g., Arvizu, 534 U.S. at 273; Terry v.Ohio (1968), 392 U.S. 1, 9, 88 S.Ct. 1868, 20 L.Ed.2d 889. "Searches conducted outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." Katz v.United States (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576. Once the defendant demonstrates that he was subjected to a warrantless search or seizure, the burden shifts to the state to establish that the warrantless search or seizure was constitutionally permissible. See Maumee v. Weisner (1999),87 Ohio St.3d 295, 297, 720 N.E.2d 507; Xenia v. Wallace (1988),37 Ohio St.3d 216, 524 N.E.2d 889, paragraph two of the syllabus.
 {¶ 10} In the absence of probable cause, a law enforcement officer may not stop a vehicle unless the officer observes facts giving rise to a reasonable suspicion of criminal activity. See, generally, Terry; State v. Andrews (1991), 57 Ohio St.3d 86,565 N.E.2d 1271; State v. Venham (1994), 96 Ohio App.3d 649,654, 645 N.E.2d 831. To justify a traffic stop based upon reasonable suspicion, the officer must be able to articulate specific facts that would warrant a person of reasonable caution in the belief that the person stopped has committed or is committing a crime. See Erickson, 76 Ohio St.3d 3, 11-12,665 N.E.2d 1091; Terry, supra. Reasonable suspicion cannot be justified by mere intuition, but instead must be based upon specific, articulable facts and such rational inferences as may be drawn from those facts. Terry, 392 U.S. at 21-22.
 {¶ 11} Here, the specific, articulable fact that the officer relied upon was appellee's supposed resemblance to Umphries. However, the trial court found that the officer did not sufficiently describe how appellee's appearance resembled Umphries. We must defer to the court's factual finding. SeeDunlap, supra. Because the court determined that the officer did not sufficiently describe how appellee's appearance resembled Umphries, the court appropriately determined that the officer lacked a reasonable basis to stop the vehicle.
 {¶ 12} Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
Kline, P.J. and Evans, J., concur in Judgment and Opinion.