DECISION AND JUDGMENT ENTRY
{¶ 1} The State of Ohio appeals the trial court's judgment granting Larry Garrett's motion to suppress evidence on the basis that the arresting officer lacked a reasonable articulable suspicion to make an investigatory stop of Garrett's vehicle. The state contends the trooper had a reasonable basis for stopping Garrett upon hearing Garrett's vehicle slide in gravel as it came to a stop at an intersection. Because the trial court found that defendant's vehicle came to a proper, albeit sliding, stop at the stop sign and the officer did not observe a violation of any traffic laws or equipment regulations, the trial court correctly concluded the traffic stop was constitutionally invalid. Accordingly, we affirm the trial court's judgment.
 {¶ 2} As a result of evidence observed during the traffic stop, the state ultimately charged Garrett with driving while under the influence of alcohol ("DUI"), in violation of R.C. 4511.19(A)(1). After pleading not guilty, Garrett filed a motion to suppress the indicia of intoxication that the trooper observed after making the traffic stop. Garrett argued that the trooper lacked reasonable suspicion to stop his vehicle and also lacked probable cause to arrest him for drunk driving.
 {¶ 3} At the suppression hearing, Trooper Nathan Pabin of the Ohio State Highway Patrol testified that around midnight he was in his patrol car on Blacks Run Road near Wagner Riffle Road in Adams County. Blacks Run Road is a gravel road, and Wagner Riffle Road is a paved roadway that has the right of way. Trooper Pabin testified that as his patrol car was stationary on Blacks Run Road where it intersects with Wagner Riffle Road, he observed a vehicle come over the crest of a hill on Blacks Run Road from behind his patrol car. The trooper stated that after he turned his patrol car north onto Wagner Riffle Road, he heard the approaching vehicle brake hard and come to a sliding stop at the stop sign on Blacks Run Road. Pabin saw the vehicle turn south onto Wagner Riffle Road.
 {¶ 4} Trooper Pabin testified he turned his patrol car around, pulled behind the vehicle on Wagner Riffle Road, and initiated a traffic stop of the vehicle. Garrett was driving the vehicle and his wife was the sole passenger. Trooper Pabin did not indicate how long he followed Garrett before stopping him. Pabin indicated that he did not observe erratic driving or equipment violations while following Garrett.
 {¶ 5} According to Trooper Pabin, when he approached defendant's vehicle he noticed that defendant had bloodshot eyes, he detected a strong odor of alcohol on defendant's breath, and he noted defendant had difficulty taking his drivers license out of his wallet. Trooper Pabin testified that defendant admitted he had consumed two beers. After administering several field sobriety tests, which Garrett performed unsuccessfully, the trooper placed Garrett under arrest for DUI. Pabin did not charge Garrett with any other traffic code violations.
 {¶ 6} The trial court granted Garrett's motion to suppress, finding: (1) the vehicle driven by defendant came to a proper stop at the stop sign on Blacks Run Road and proceeded down Wagner Riffle Road in a lawful manner and (2) Trooper Pabin did not observe any traffic law violations or equipment violations of defendant's vehicle. The court concluded that the trooper's stop of defendant's vehicle was unreasonable under the Fourth
Amendment because the trooper did not have a reasonable articulable suspicion that the driver or occupants had engaged in, or were about to engage in, any illegal activity. Based upon its determination that the evidence was improperly obtained, the court suppressed the evidence that the trooper observed as a result of stopping Garrett.
 I. Assignment of Error {¶ 7} The state has appealed the trial court's judgment and raises the following assignment of error: "The trial court erred by finding that Trooper Pabin did not have reasonable articulable suspicion of illegal activity when he stopped the defendant's vehicle." The state contends Trooper Pabin had a reasonable articulable suspicion of illegal activity upon hearing defendant's vehicle brake hard and slide in the gravel as it came to a stop.
 II. Standard of Review {¶ 8} When considering an appeal from a trial court's decision on a motion to suppress evidence, we are presented with a mixed question of law and fact. State v. Featherstone, 150 Ohio App.3d 24, 2002-Ohio-6028, at ¶ 10; State v. Long (1998), 127 Ohio App.3d 328, 332. In a hearing on a motion to suppress, the trial court acts as the trier of fact and is in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Dunlap (1995),73 Ohio St.3d 308, 314, certiorari denied (1996), 516 U.S. 1096; Statev. Fanning (1982), 1 Ohio St.3d 19, 20. Accordingly, we defer to the trial court's findings of fact if they are supported by competent, credible evidence. State v. Brunson, Washington App. No. 04CA4,2004-Ohio-2874, at ¶ 6; State v. Medcalf (1996), 111 Ohio App.3d 142,145. Accepting those facts as true, we must independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case. Featherstone,
supra; City of Chillicothe/State v. Mitchell, Washington App. No. 03CA2718, 2004-Ohio-430, at ¶ 8. See, generally, United States v.Arvizu (2002), 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740; Ornelas v.United States (1996), 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911.
 III. Reasonableness of the Stop {¶ 9} The Fourth and Fourteenth Amendments to the United States Constitution, as well as Section 14, Article I of the Ohio Constitution, prohibit unreasonable governmental searches and seizures and their protections extend to brief investigatory stops of persons and their vehicles. Arvizu, 534 U.S. at 273; United States v. Cortez (1981),449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621; State v. Andrews
(1991), 57 Ohio St.3d 86, 87, certiorari denied, 501 U.S. 1220. See, generally, Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.
 {¶ 10} An investigatory traffic stop of a vehicle is constitutionally permitted when a law enforcement officer has a "reasonable articulable suspicion" that the driver or an occupant of the vehicle has committed or is committing a crime, including a minor traffic violation, at the time the vehicle was stopped. See, generally, Delaware v. Prouse (1979),440 U.S. 648, 663, 99 S.Ct. 1391, 59 L.Ed.2d 660; Andrews, supra; Statev. Chatton (1984), 11 Ohio St.3d 59, 61, certiorari denied, 469 U.S. 856;State v. Venham (1994), 96 Ohio App.3d 649, 654; State v. Dunfee,
Athens App. No. 02CA37, 2003-Ohio-5970, at ¶ 24. "Reasonable articulable suspicion" is a lesser standard than probable cause and allows a law enforcement officer to effectuate a stop when there is some objective manifestation of criminal activity involving the person stopped. Statev. Woods (1993), 86 Ohio App.3d 423, 424.
 {¶ 11} The propriety of an investigative stop by an officer must be viewed in light of the totality of the circumstances surrounding the stop. State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus; State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus; Venham, supra; Long, supra. The touchstone of the constitutional analysis is the reasonableness of the intrusion. See,Dunfee, supra at ¶ 25, citing Pennsylvania v. Mimms (1977), 434 U.S. 106,108-109, 98 S.Ct. 330, 54 L.Ed.2d 331.
 {¶ 12} Here, the trooper relied solely on the fact that he heard defendant's vehicle brake hard and slide in the gravel as it came to a stop on Blacks Run Road. The trial court found that although defendant's vehicle slid in the gravel, the vehicle came to a proper stop and then proceeded lawfully down Wagner Riffle Road. The trial court also found that the trooper had not observed any traffic or equipment violations concerning the vehicle. Based upon our review of the transcript of the suppression hearing, we conclude that the trial court's factual findings are supported by competent, credible evidence. Accordingly, we defer to the court's findings and accept them as true. Brunson; Medcalf.
 {¶ 13} Applying the substantive law to the court's factual findings, we conclude the trial court correctly determined that the trooper did not have a reasonable articulable suspicion of criminal activity to warrant the stop of defendant's vehicle. Trooper Pabin did not observe any traffic code violations before stopping Garrett's vehicle. Pabin did not characterize Garrett's speed as he crested the hill as being excessive, nor did he observe any other indicia of improper control beyond sliding in the gravel as Garrett stopped. While it is not necessary that an officer must ultimately charge the driver with every violation that the officer observes, there must be some factual basis to support stopping the driver. See, State v. King, (Dec. 1, 1987), Franklin App. No. 87AP-622. Here, we conclude as a matter of law that a traffic stop of a vehicle is not justified based solely on a statement that the officer heard the vehicle brake and slide on gravel as it came to an otherwise proper stop. When the officer makes no other observations of unsafe or unlawful operation of the vehicle and where he does not describe the extent of the slide or speed of the vehicle, he does not have a reasonable articuable suspicion of illegal activity.
 {¶ 14} We conclude the trooper's traffic stop of Garrett's vehicle was constitutionally invalid, and the trial court correctly granted Garrett's motion to suppress the evidence obtained as a result of that stop. Accordingly, we overrule the state's assignment of error and affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment and Opinion.