DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Marietta Municipal Court judgment of conviction and sentence after a no contest plea. The trial court found Dean Phillips, defendant below and appellant herein, guilty of operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(d).
 {¶ 2} Appellant assigns the following error for review and determination:
 "THE TRIAL COURT ERRED IN OVERRULING MR. PHILLIPS' MOTION TO SUPPRESS, IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND SECTION 14, ARTICLE I OF THE OHIO CONSTITUTION."
 {¶ 3} In the early morning hours of September 9, 2005, a 911 call to the Washington County Sheriff's Office reported a vehicle driving suspiciously up and down Sand Hill Road in the "Reno area." Several deputies were dispatched to the area. Deputy Dylan Evans stopped a jeep that matched the vehicle's description. After he approached the jeep, Deputy Evans noted that the driver (appellant) had a strong odor of alcohol and slurred speech. Appellant's breath alcohol test registered .149 and he received a citation for operating a vehicle under the influence of alcohol. Appellant also received a citation for driving under an OVI suspension in violation of R.C. 4510.14.
 {¶ 4} Appellant filed a motion to suppress evidence that asserted that Deputy Evans lacked a sufficient reasonable suspicion of criminal activity to stop his vehicle. At the motion hearing Deputy Evans testified that approximately six to eight recent burglaries had occurred in the Reno area. He further related that a local resident called 911 to report a jeep driving up and down Sand Hill Road, pulling into driveways, stopping and then starting back up again and leaving. The trial court heard the tape of the 911 call.
 {¶ 5} After hearing the evidence, the trial court overruled appellant's motion to suppress evidence. The court reasoned that on the basis of the burglaries that had occurred in the area, the jeep's suspicious activity and the fact that appellant's jeep matched the description given by the resident of that area, Deputy Evans possessed a sufficient basis to stop the vehicle.
 {¶ 6} Subsequently, appellant agreed to plead no contest to the OVI charge in exchange for dismissal of the other charge. The trial court found appellant guilty and sentenced him to a partially suspended forty day jail term and $900 fine. This appeal followed.
 {¶ 7} Appellant asserts in his sole assignment of error that the trial court erred by overruling his motion to suppress. We disagree with appellant.
 {¶ 8} Our analysis begins with the premise that appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. State v. Book, 165 Ohio App.3d 511,847 N.E.2d 52, 2006-Ohio-1102, at ¶ 9; State v. Long (1998), 127 Ohio App.3d 328,332, 713 N.E.2d 1. In hearing such motions, trial courts assume the role of trier of fact and are in the best position to resolve factual disputes and evaluate the credibility of witnesses. State v. Brooks
(1996), 75 Ohio St.3d 148, 154, 661 N.E.2d 1030; State v. Mills (1992),62 Ohio St.3d 357, 366, 582 N.E.2d 972. Appellate courts are bound to accept their factual findings so long as they are supported by competent and credible evidence. State v. Metcalf (1996), 111 Ohio App.3d 142,145, 675 N.E.2d 1268. Appellate courts, however, review a trial court's application of the law to those facts de novo. Book, supra at ¶ 9;State v. Williams (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141. With these principles in mind, we turn our attention to the evidence adduced below.
 {¶ 9} The Fourth and Fourteenth Amendments to the United States Constitution, and Section 14, Article I of the Ohio Constitution, protect individuals against unreasonable searches and seizures.Delaware v. Prouse (1979), 440 U.S. 648, 662, 99 S.Ct. 1391,59 L.Ed.2d 660; State v. Gullett (1992), 78 Ohio App.3d 138, 143, 604 N.E.2d 176. Searches and seizures conducted outside the judicial process, without prior approval by either a judge or magistrate, are per se unreasonable under the Fourth Amendment-subject only to a few specifically established, well-delineated, exceptions. Katz v. United States (1967),389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576; State v.Sneed (1992), 63 Ohio St.3d 3, 6-7, 584 N.E.2d 1160; State v.Braxton (1995), 102 Ohio App.3d 28, 36, 656 N.E.2d 970.
 {¶ 10} A traffic stop is reasonable when an officer has probable cause to believe someone has committed a traffic violation. See Whren v.United States (1996), 517 U.S. 806, 809, 116 S.Ct. 1769, 135 L.Ed.2d 89; also see Dayton v. Erickson (1996), 76 Ohio St.3d 3, 11-12,665 N.E.2d 1091. To justify a traffic stop based upon less than probable cause, an officer must be able to articulate specific facts that would warrant a person of reasonable caution to believe that the person stopped has committed or is committing a crime, including a minor traffic violation. See Terry v. Ohio (1968), 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889; also see Chillicothe v. Frey, 156 Ohio App.3d 296, 805 N.E.2d 551,2004-Ohio-927, at ¶ 14; State v. Garrett, Adams App. No. 05CA802,2005-Ohio-5155, at ¶ 10;
 {¶ 11} Deputy Evans testified that at the time of this incident six to eight burglaries had recently occurred in the "Reno area." Understandably, residents were on edge. One of those residents observed a jeep drive up and down Sand Hill Road and County Road 20 at approximately 3:20 AM. The resident reported that the jeep pulled into various driveways, stopped and started back up again. It was also undisputed that appellant's jeep matched the description given to the 911 operator. On this evidence, we agree with the trial court that Deputy Evans possessed sufficient justification for the stop.
 {¶ 12} Appellant first contends that none of this activity was inherently suspicious or gave rise to a reasonable belief of criminal activity. We disagree. Appellant characterizes his driving that morning as more indicative of "being lost than with being stealthy or suspicious." However, the citizen who made the 911 call reported that appellant drove up and down the area several times and pulled into driveways, stopped and then started back up again. Further, this evidence cannot be considered in isolation, but must be viewed as part of the totality of the other circumstances including the fact that this activity took place in an area that had recently been subject to numerous burglaries. The Ohio Supreme Court has recognized that an area's reputation for criminal activity is an articulable fact that weighs in favor of a Terry type stop. See e.g. State v. Andrews (1991),57 Ohio St.3d 86, 88, 565 N.E.2d 1271; State v. Bobo (1988),37 Ohio St.3d 177, 179, 524 N.E.2d 489. Furthermore, the stop
occurred very early in the morning. This is another factor that justifies a short investigative Terry type stop. See e.g. State v.Freeman (1980), 64 Ohio St.2d 291, 295, 414 N.E.2d 1044; State v.Kavalec (Dec. 22, 1993), Medina App. No. 2246-M; State v. Comstock (Feb. 26, 1992), Clark App. No. 2825.
 {¶ 13} Considering these factors, we readily conclude, as did the trial court, that sufficient articulable circumstances exist in this case that gave rise to reasonable suspicion of criminal activity. Thus, the officer properly conducted a Terry stop.
 {¶ 14} Appellant's second argument is that notwithstanding the reputation of the "Reno area" for criminal activity, or the lateness of the hour, Deputy Evans did not himself observe suspicious driving. Instead, he made the stop based on information given by an "anonymous" citizen to a 911 radio dispatcher who relayed that information to the deputy. We, however, are not persuaded that this action rendered the stop constitutionally infirm.
 {¶ 15} Generally, reasonable suspicion of criminal activity need not be based on an officers own observations. State v. Blagg (Mar. 7, 1995), Franklin App. No. 94APC07-1074. Rather, it may be based on information outside an officer's personal observations. See State v. Peak, Lake App. No. 2004-L-124, 2005-Ohio-6422, at ¶ 16; State v. Gaylord, Summit App. No. 22406, 2005-Ohio-2138, at ¶¶ 12-14. A telephone tip can, by itself, create a reasonable suspicion of criminal activity that justifies an investigatory stop when the tip has sufficient indicia of reliability. See Maumee v. Weisner, (1999), 87 Ohio St.3d 295, 720 N.E.2d 507, at paragraph two of the syllabus. Relying on Maumee, appellant argues that insufficient indicia of reliability existed to justify the stop of his jeep. Again, we disagree. First, we note that Maumee is distinguishable from the instant case because the stop in this case was not based solely on a tip from an informant. To the contrary, Deputy Evans also relied on the fact that recent burglaries occurred in this area and that the suspicious driving occurred in the early morning hours.
 {¶ 16} Second, the Ohio Supreme Court noted in Maumee that identified citizen informants are accorded a greater degree of reliability. Id. at 300-301. In this case, the citizen who telephoned 911 informed the dispatcher of his identity.[1] The informant also gave a detailed description of the suspicious activity thus removing this case out from the realm of baseless rumor or innuendo. We would therefore be inclined to conclude that, even if the informant's tip formed the sole reason for the stop, the tip met the indicia of reliability required inMaumee. This is largely irrelevant, however, because, as we stated earlier, this was not the sole reason for stopping the vehicle in the case at bar.
 {¶ 17} Finally, appellant cites a decision from the Sixth Appellate District that an early morning stop of a motor vehicle (in an area with numerous recent break-ins) was unconstitutional because the police did not observe any illegal activity but, instead, based their decision to stop the vehicle solely on an anonymous tip. See Bowling Green v.Tomor, Wood App. No. WD-02-012, 2002-Ohio-6366. Tomor is distinguishable from this case for two reasons. First, as we noted previously, the citizen informant in this case was not anonymous. He gave his name to the 911 dispatcher. Second, the Tomor informant did not provide a factual basis for his conclusion that the car was driving suspiciously. Id. at ¶ 11. Thus, the court held that the officer needed further corroboration to justify a stop. Id. By contrast, in the case sub judice the informant gave the 911 operator details about appellant's suspicious driving (i.e. the jeep was going up and down the same roads, pulling into driveways, stopping and pulling back out again). Deputy Evans also testified that he was aware of these facts when he stopped the vehicle. Thus, the instant case is different from the blanket assertion inTomor that a car was driving suspiciously.
 {¶ 18} For these reasons, we find no error in the trial court's decision to overrule the motion to suppress evidence. Accordingly, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, J. McFarland, J.: Concur in Judgment Opinion
For the Court
BY: Peter B. Abele, Judge
[1] Appellant points out in his brief that although the informant identified himself to the dispatcher, his name was unknown to Deputy Evans. Thus, appellant reasons, the caller should be treated as an anonymous tipster who is afforded a lesser degree of reliability. We are not persuaded. The court noted in Maumee that, " where an officer making [the] stop relies solely upon a dispatch, the state must demonstrate at a suppression hearing that the facts precipitating the dispatch
justified a reasonable suspicion of criminal activity."(Emphasis added.)87 Ohio St.3d at 298. Thus, as long as the caller identified himself to the dispatcher, the informant is a known citizen informant, not an anonymous tipster.