[Cite as *State v. Dean*, 2013-Ohio-313.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| ALAN R. DEAN | : | Case No. 12-CA-60 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Municipal Court,
Case No. 12TRC02814



JUDGMENT:     Reversed



DATE OF JUDGMENT:     February 1, 2013



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

J. MICHAEL KING                    ROBERT E. CALESARIC
35 South Park Place                    35 South Park Place
Suite 35                    Suite 150
Newark, OH  43055                    Newark, OH  43055

*Farmer, J.*

{¶1}    On March 18, 2012, Pataskala Police Officer Joshua Silverman stopped appellant, Alan Dean, for impeding traffic.  Upon investigation, appellant was charged with driving under the influence in violation of R.C. 4511.19 and unreasonable slow speed in violation of R.C. 4511.22.

{¶2}    On April 24, 2012, appellant filed a motion to suppress, claiming an illegal traffic stop.  A hearing was held on June 13, 2012.  By judgment entry filed June 18, 2012, the trial court denied the motion.

{¶3}    On June 29, 2012, appellant pled no contest to the charge.  By judgment entry filed same date, the trial court found appellant guilty and sentenced him to sixty days in jail, fifty-four days suspended.

{¶4}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶5}    "APPELLEE DID NOT MEET ITS BURDEN AND ESTABLISH THAT OFFICER SILVERMAN HAD PROBABLE CAUSE OR REASONABLE SUSPICION TO STOP APPELLANT."

I

{¶6}    Appellant claims the trial court erred in denying his motion to suppress as Officer Silverman lacked reasonable suspicion of criminal activity to warrant the stop of his vehicle.  We agree.

{¶7}    There are three methods of challenging on appeal a trial court's ruling on a motion to suppress.  First, an appellant may challenge the trial court's findings of fact.

In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist. 1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist. 1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams,* 86 Ohio App.3d 37 (4th Dist. 1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist. 1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist. 1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶8} In *Terry v. Ohio,* 392 U.S. 1, 22 (1968), the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to *Terry*, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences

from those facts, reasonably warrant that intrusion." *Id.* at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. *State v. Freeman,* 64 Ohio St.2d 291 (1980), paragraph one of the syllabus.

{¶9} Appellant claims there was no evidence of impaired driving to warrant the stop. He argues slow speed is insufficient to establish reasonable suspicion of criminal activity.

{¶10} The undisputed evidence establishes Officer Silverman was traveling in the opposite direction when he observed appellant traveling at a slow speed (28 m.p.h. in a 45 m.p.h. zone). T. at 7-8. Officer Silverman made a u-turn and pulled behind a vehicle that was behind appellant's vehicle. T. at 8. As soon as the road became two lanes, the vehicle behind appellant passed him. *Id.*

{¶11} Officer Silverman continued to follow appellant's vehicle and observed him slow down to 15-20 m.p.h. in a 35 m.p.h. zone. T. at 9, 17. Appellant then activated his right turn signal for 500 feet and passed by seven to eight business driveways before turning onto Main Street. T. at 9-10. The turn was wide and "real slow." T. at 10. Appellant activated his right turn signal again and turned onto Third Street. T. at 10, 19. Officer Silverman then pulled appellant over for impeding traffic, slow speed, and "abnormal" driving. *Id.* We note the speed limit on Main Street was 25 m.p.h. T. at 18. Officer Silverman's observations of appellant's driving encompassed a one mile distance. T. at 13-14; Defendant's Exhibit B.

{¶12} R.C. 4511.22(A) governs slow speed and states, "[n]o person shall stop or operate a vehicle, trackless trolley, or street car at such an unreasonably slow speed as

to impede or block the normal and reasonable movement of traffic, except when stopping or reduced speed is necessary for safe operation or to comply with law."

{¶13}  Many appellate courts have addressed the stopping of a vehicle for slow speed.  *State v. Cockrell,* 4th Dist. No. 93CA1957 (July 25, 1994); *State v. Hagerty,* 11th Dist. Nos. 2001-P-0083 and 2001-P-0084, 2002-Ohio-3379; *State v. Bacher,* 170 Ohio App.3d 457 (2007).  The distinguishing fact in these cases is whether traffic was impeded or obstructed:

> Also, although one may be stopped for going substantially *under* the speed limit, generally such a defendant has been found to have been seriously impeding traffic or going unreasonably slow to create a safety risk before a stop is justified. *State v. Poynter* (1992), 78 Ohio App.3d 483 (defendant was travelling ten miles an hour in a forty-five zone); *State v. Wright* (Oct. 17, 1990), Pickaway App. No. 89-CA-19, unreported (a line of cars had backed up behind defendant).

*Cockrell, supra,* at *3.

{¶14}  This district has also adopted the view that slow speed alone is insufficient to warrant a traffic stop.  See, *State v. Beghin,* 5th Dist. No. 2003CA00297, 2004-Ohio-2654.  The prevailing view is that "slow speed" without some demonstration of impeding or obstruction of traffic is insufficient to validate a stop; however, each case must be examined in light of its own specific facts and circumstances.

{¶15}  In the matter sub judice, appellant was not impeding traffic.  As soon as the road widened, the other vehicle behind him passed and Officer Silverman freely admitted he too could have passed appellant.  The road was wet with foggy conditions and it was 1:00 a.m.  T. at 12, 14, 21.  The foggy conditions did not obstruct the officer's visibility for the one mile of observation.  T. at 24.

{¶16}  We find for the officer to conclude that something was "abnormal" (T. at 22) was tantamount to a hunch and was not based upon specific and articulable facts that criminal activity was afoot.  While many impaired drivers drive slowly, many unimpaired drivers do too.  If traffic is not impeded or obstructed, there is no criminal activity.

{¶17}  Based upon the facts of this case, we find the trial court erred in denying appellant's motion to suppress.

{¶18}  The sole assignment of error is granted.

{¶19} The judgment of the Municipal Court of Licking County, Ohio is hereby reversed.

By Farmer, J.

Delaney, P.J. and

Hoffman, J. concur.

_s/ Sheila G. Farmer_____

_s/ Patricia A. Delaney_____

_s/ William G. Hoffman_____

JUDGES

SGF/sg 111

[Cite as *State v. Dean*, 2013-Ohio-313.]

IN THE COURT OF APPEALS FOR LICKINGCOUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee            :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
ALAN R. DEAN                           :
                                       :
    Defendant-Appellant           :          CASE NO. 12-CA-60


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio is reversed. Costs to appellee.


  s/ Sheila G. Farmer             


  s/ Patricia A. Delaney          


  s/ William G. Hoffman         

                JUDGES