[Cite as *Wilmington v. Lubbers*, 2014-Ohio-3083.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| CITY OF WILMINGTON, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2013-06-013 |
| | : | O P I N I O N |
| - vs - | | 7/14/2014 |
| | : | |
| RAYMOND E. LUBBERS, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLINTON COUNTY MUNICIPAL COURT
Case No. 12 TRC 8466-A

Laura K. Railing, Wilmington City Prosecutor, 69 North South Street, Wilmington, Ohio 45177, for plaintiff-appellee

Peterson Law Offices, Susan M. Zurface Daniels, 116 North Walnut Street, Wilmington, Ohio 45177, for defendant-appellant

**HENDRICKSON, J.**

{¶ 1}  Defendant-appellant, Raymond E. Lubbers, appeals from his conviction for operating a motor vehicle while under the influence of alcohol (OVI) following his plea of no contest in the Clinton County Municipal Court.  Appellant argues the trial court erred in overruling his motion to suppress evidence obtained from an illegal search and seizure.  For the reasons set forth below, we overrule appellant's arguments and affirm his conviction.

{¶ 2} Around 10:15 p.m. on December 1, 2012, Neil Rager, a patrolman with the City of Wilmington Police Department, observed appellant driving his 1996 Honda Accord southbound on Fairway Drive in Wilmington, Ohio. Appellant turned right onto Rombach Avenue and proceeded to travel at a speed of 25 m.p.h. even though the speed limit was 50 m.p.h. Rager followed behind appellant, and observed appellant's speed drop to 20 m.p.h. in a 35 m.p.h. speed zone. Appellant drove past a Holiday Inn before turning into a Taco Bell parking lot. Once in the parking lot, appellant attempted a U-turn and hit the curb. At this time Rager activated his overhead lights and pulled appellant over. Appellant immediately exited his vehicle. After making contact with appellant, Rager cited appellant for impeding traffic by operating a vehicle at an unreasonably slow speed in violation of Wilmington Codified Ordinance 333.04(a) (Wilmington's slow speed ordinance) and OVI in violation of Wilmington Codified Ordinance 333.01(A)(1)(d). The citation specified that appellant had been given a breath test and had a blood alcohol concentration of .13.

{¶ 3} Appellant was arraigned on December 3, 2013. On February 4, 2013, appellant filed a "Motion to Dismiss/Suppress," arguing that "the arresting officer did not have a reasonable basis to stop his vehicle and that there was no probable cause to believe he was under the influence of alcohol or drugs of abuse." A hearing on the motion was held April 10, 2013, at which time Rager testified about the events leading up to the traffic stop. Rager testified that ten days before the December 1, 2012 traffic stop, he had encountered appellant sitting in his vehicle in the parking lot of a local bar. Appellant was intoxicated and passed out behind the wheel of his vehicle. Rager talked with appellant, learned appellant was staying at a nearby Holiday Inn, and advised appellant to turn off his car and to stay put on this occasion. When Rager saw appellant driving on December 1, 2012, he recognized the vehicle, observed appellant's slow speed, and decided to follow appellant. Rager testified that appellant slowed down to 20 m.p.h. in a 35 m.p.h. zone and, though traffic was

light, Rager believed appellant's speed was unreasonably slow and was going to impede the flow of traffic. Rager eventually pulled appellant over after Rager observed appellant hit a curb when attempting a U-turn.

{¶ 4} Following Rager's testimony, defense counsel argued there was no reasonable, articulable suspicion to stop appellant's vehicle. Defense counsel contended that stopping someone traveling 20 m.p.h. in a 35 m.p.h. speed zone at 10:00 p.m. at night, in light traffic, when no other traffic violations occurred was unreasonable. He further argued appellant's slow speed was explainable as appellant was likely traveling slowly in order to locate the entrance to his hotel. The city of Wilmington, however, argued Rager had probable cause to initiate the traffic stop given Rager's observations and his belief that appellant would impede or block the normal flow of traffic by traveling at such an unreasonably slow speed. Alternatively, the city of Wilmington argued Rager had reasonable suspicion to initiate the stop given his "prior interactions with [appellant], the time of the night, where [appellant] was coming from, and his striking a curb while operating a vehicle."

{¶ 5} On April 25, 2013, the trial court issued a decision granting in part and denying in part appellant's motion. The court dismissed the slow speed charge, but denied the remaining portion of appellant's motion. The court specifically held as follows:

> [T]he Court finds that this was a good stop. The fact that the vehicle may have been going to slow may have brought notice of himself to Officer Rager at which time of night Saturday night and the prior "run in" with the defendant at BW3s, a local bar, and the fact that he missed his turn off to the same motel and then as evidence by his turning around near "Taco Bell" and hitting a curve in doing so all total do give rise to believe that a traffic violation may be underfoot [sic].

{¶ 6} Following the denial of his motion to suppress, appellant entered a no contest plea to the OVI charge. Appellant was sentenced to 180 days in jail, with the sentence stayed pending his successful completion of a three-day driver intervention program.

{¶ 7} Appellant timely appealed, raising as his sole assignment of error the following:

{¶ 8} THE TRIAL COURT ERRED IN OVERRULING [APPELLANT'S] MOTION TO SUPPRESS BECAUSE PATROLMAN RAGER LACKED REASONABLE AND ARTICULABLE SUSPICION TO DETAIN [APPELLANT] IN VIOLATION OF [APPELLANT'S] FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES.

{¶ 9} Appellant argues the trial court erred by denying his motion to suppress because there was no probable cause to effectuate a traffic stop as he was not in violation of Wilmington's slow speed ordinance. He further contends Rager lacked reasonable and articulable suspicion to detain him and the traffic stop violated his rights under the Fourth Amendment to the United States Constitution.

{¶ 10} Our review of a trial court's denial of a motion to suppress presents a mixed question of law and fact. *State v. Cochran,* 12th Dist. Preble No. CA2006-10-023, 2007-Ohio-3353, ¶ 12. Acting as the trier of fact, the trial court is in the best position to resolve factual questions and evaluate witness credibility. *Id.* Therefore, when reviewing the denial of a motion to suppress, a reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Oatis,* 12th Dist. Butler No. CA2005-03-074, 2005-Ohio-6038, ¶ 10. "An appellate court, however, independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *Cochran* at ¶ 12.

{¶ 11} The stop of a motor vehicle, even if for a limited purpose or a brief amount of time, constitutes the seizure of a person under the Fourth Amendment. *State v. McCullough*, 12th Dist. Fayette No. CA2013-07-021, 2014-Ohio-1696, ¶ 19, citing *United States v. Martinez-Fuerte*, 428 U.S. 543, 556-558, 96 S.Ct. 3074 (1976). "A noninvestigatory stop, one

- 4 -

of two traffic stops recognized in Ohio, is reasonable for Fourth Amendment purposes where an officer has probable cause to believe a criminal act has occurred, such as where an officer observes a traffic violation." *Id.*, citing *State v. Feerer*, 12th Dist. Warren CA2008-05-064, 2008-Ohio-6766, ¶ 10. This is true "even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." *Dayton v. Erickson*, 76 Ohio St.3d 3 (1996), paragraph one of the syllabus. Thus, as a general matter, a police officer's decision to stop a vehicle is reasonable whenever the officer has "probable cause to believe that a traffic violation has occurred." *Whren v. United States,* 517 U.S. 806, 810, 116 S.Ct. 1769 (1996).

{¶ 12} As we have previously stated, "the [United States] Supreme Court stated only that probable cause need be found, not that, upon investigation, it be confirmed that a traffic offense occurred. The establishment of probable cause 'requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.'" *State v. Moeller*, 12th District, Butler No. CA99-07-0128, 2000 WL 1577287, *3 (Oct. 23, 2000), quoting *Illinois v. Gates*, 462 U.S. 213, 243, fn. 13, 103 S.Ct. 2317 (1983). "The focus, therefore, is not on whether an officer could have stopped the suspect because a traffic violation had in fact occurred, but on whether the arresting officer had probable cause to believe that a traffic violation had occurred." *State v. Pfeiffer*, 12th Dist. Butler No. CA2003-12-329, 2004-Ohio-4981, ¶ 23, citing *State v. Terrell*, 12th Dist. Clinton No. CA99-07-020, 2000 WL 1591147 (Oct. 23, 2000).

{¶ 13} When a police officer observes a vehicle driving at an unreasonably slow speed so as to impede or block the normal and reasonable movement of traffic, that officer has witnessed what appears to be a violation of the law. *See State v. Dean*, 5th Dist. Licking No. 12-CA-60, 2013-Ohio-313. In the present case, Rager testified that he followed and initially observed appellant traveling 25 m.p.h. in a 50 m.p.h. zone, and that appellant's speed

decreased to 20 m.p.h. as appellant drove along Rombach Avenue. Rager further testified that although traffic was light, appellant's slow speed was impeding the flow of traffic. Because of his observations, Rager had probable cause to initiate a traffic stop.

{¶ 14} The fact that the trial court issued a decision dismissing the slow speed traffic violation does not have a bearing on the propriety of the initial contact between Rager and appellant. *See McComb v. Andrews*, 3d Dist. Hancock No. 5-99-41, 2000 WL 296078, *5 (Mar. 22, 2000). "[That] there may be a logical reason to excuse what would otherwise be a traffic violation does not, in hindsight, eradicate a proper cause for stopping the vehicle in the first instance." *State v. Grimsley*, 10th Dist. Franklin No. 02AP-502, 2003-Ohio-514, ¶ 16. *See also Pfeiffer*, 2004-Ohio-4981 at ¶ 25-27 (finding the trial court improperly granted a defendant's motion to suppress evidence relating to OVI and possession of marijuana charges upon determining the trial court's dismissal of a left of center traffic violation based upon the defendant's reasonable explanation he had to cross the double yellow centerlines to get around a stopped or slow moving vehicle did not "obviate the conclusion that the officer had probable cause to believe a traffic violation had occurred"). "The test is not whether the offender is guilty of the traffic violation, but rather whether the officer had probable cause to believe a traffic violation occurred or was occurring." *Id.* at ¶ 25, fn. 1.

{¶ 15} We find that the traffic stop in this case was reasonable because Rager had probable cause to believe that appellant committed a traffic violation by driving unreasonably slow and impeding the flow of traffic. Appellant's reason for driving so slowly—because he was looking for the entrance drive to his hotel—does not obviate the conclusion that the officer had probable cause to believe a traffic violation had occurred. *See Pfeiffer* at ¶ 28. Accordingly, we find that appellant's motion to suppress was properly denied, albeit for different reasons than those set forth by the trial court.

{¶ 16} Appellant's sole assignment of error is, therefore, overruled.

{¶ **17**} Judgment affirmed.

RINGLAND, P.J., and S. POWELL, J., concur.