[Cite as *State v. Harding*, 2017-Ohio-8930.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-11-029 |
| | : | O P I N I O N |
| - vs - | | 12/11/2017 |
| | : | |
| KELLY L. HARDING, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI 2016-0016

Stephen J. Pronai, Madison County Prosecuting Attorney, Rachel M. Price, 59 North Main Street, London, Ohio 43140, for plaintiff-appellee

Brehm & Associates, LPA, Robert J. Beck, Jr., 14 South High Street, New Albany, Ohio 43054, for defendant-appellant

**PIPER, J.**

{¶ 1} Defendant-appellant, Kelly Harding, appeals his convictions and sentence in the Madison County Court of Common Pleas for possession of marijuana and criminal tools.

{¶ 2} Craig Voight asked Harding to drive him to New York and Harding agreed. Harding met Voight at his house in a car Harding borrowed from his mother. After leaving the car parked overnight at Voight's house, the two men began the trip to New York and

eventually drove on Interstate 70.

{¶ 3} Several canine units with the Ohio State Highway Patrol were patrolling the area along Interstate 70 where Harding was driving. A trooper began to follow Harding, and observed Harding following a semi-truck too closely. The trooper initiated a traffic stop and identified Harding as the driver of the car and Voight as the passenger.

{¶ 4} During the traffic stop, troopers walked a canine around the car, and the canine indicated at the rear passenger door of the car. Troopers then discovered 123 pounds of marijuana in the vehicle. Harding was indicted for possession of marijuana and criminal tools, and pled not guilty. Harding filed a motion to suppress, claiming that the search of the car was unconstitutional. The trial court overruled Harding's motion, and the matter proceeded to a jury trial. The jury returned guilty verdicts on both counts, and the trial court sentenced Harding to an aggregate prison sentence of eight years. Harding now appeals his convictions and sentence, raising the following assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT DID ERR BY OVERRULING DEFENDANT'S MOTION TO SUPPRESS.

{¶ 7} Harding argues in his first assignment of error that the trial court erred in overruling his motion to suppress.

{¶ 8} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Cochran*, 12th Dist. Preble No. CA2006-10-023, 2007-Ohio-3353. Acting as the trier of fact, the trial court is in the best position to resolve factual questions and evaluate witness credibility. *Id.* Therefore, when reviewing the denial of a motion to suppress, a reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Oatis*, 12th Dist. Butler No. CA2005-03-074, 2005-Ohio-6038. "An appellate court, however, independently reviews the trial court's

- 2 -

legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *Cochran* at ¶ 12.

{¶ 9} Ohio recognizes two types of lawful traffic stops, noninvestigatory and investigatory. *State v. Campbell*, 12th Dist. Butler Nos. CA2014-02-048 and CA2014-02-051, 2014-Ohio-5315, ¶ 25. A noninvestigatory stop is one where an officer has probable cause to stop a vehicle because the officer observed a traffic violation. *State v. Moore*, 12th Dist. Fayette No. CA2010-12-037, 2011-Ohio-4908, ¶ 31. The establishment of probable cause necessary to effectuate the noninvestigatory stop "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *City of Wilmington v. Lubbers*, 12th Dist. Clinton No. CA2013-06-013, 2014-Ohio-3083, ¶ 12. "The focus, therefore, is not on whether an officer could have stopped the suspect because a traffic violation had in fact occurred, but on whether the arresting officer had probable cause to believe that a traffic violation had occurred." *State v. Pfeiffer*, 12th Dist. Butler No. CA2003-12-329, 2004-Ohio-4981, ¶ 23.

{¶ 10} According to R.C. 4511.34(A), the operator of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, and must maintain a sufficient space between vehicles while driving on the road.

{¶ 11} We first note that Harding failed to ensure that a transcript of the motion to suppress hearing held in this case was made a part of the record. The Ohio Supreme Court has stated that "upon appeal of an adverse judgment, it is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19 (1988). In the absence of a transcript of the suppression hearing in this case, we must presume the regularity of the proceedings and accept the trial court's factual

determinations as correct. *See State v. Fields*, 12th Dist. Brown No. CA2009-05-018, 2009-Ohio-6921.

{¶ 12} The trial court determined that the trooper who pulled Harding over had probable cause to initiate a valid traffic stop. The trial court specifically stated in its entry that the trooper's testimony regarding the traffic stop was "credible." According to the trial court, the trooper testified that when Harding passed his location on Interstate 70, the vehicle Harding was driving was following too closely behind a semi-truck and that Harding failed to maintain a safe, clear distance between himself and the truck. As such, and with no transcript to prove otherwise, we find that the trial court's findings and conclusions support the conclusion that the trooper had probable cause to initiate the traffic stop. As such, Harding's first assignment of error is overruled.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT DID ERR WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 15} Harding argues in his second assignment of error that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence.

{¶ 16} Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Paul*, 12th Dist. Fayette No. CA2011-10-026, 2012-Ohio-3205, ¶ 9. Therefore, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational

trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 17} A manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Graham*, 12th Dist. Warren No. CA2008-07-095, 2009-Ohio-2814, ¶ 66.

{¶ 18} In reviewing the evidence, an appellate court must be mindful that the jury, as the original trier of fact, was in the best position to judge the credibility of witnesses and determine the weight to be given to the evidence. *State v. Blankenburg*, 197 Ohio App.3d 201, 2012-Ohio-1289, ¶ 114 (12th Dist.). Therefore, an appellate court will overturn a conviction due to the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.* Although the legal concepts of sufficiency of the evidence and weight of the evidence are quantitatively and qualitatively different, "[a] determination that a conviction is supported by the manifest weight of the evidence will also be dispositive of the issue of sufficiency." *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19.

{¶ 19} Harding was convicted of possessing marijuana in violation of R.C. 2925.11(A), which provides, "no person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." Harding was also convicted of possession criminal tools in violation of R.C. 2923.24(A), which provides, "no person shall possess or

have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."

{¶ 20} After reviewing the record, we find that Harding's convictions were supported by sufficient evidence and were not against the manifest weight of the evidence. The state presented testimony from the trooper who pulled Harding over. The trooper testified that when he was patrolling Interstate 70, he observed the vehicle Harding was driving pass him. The trooper testified that he noticed what appeared to be a "continuous blanket" pulled from the back of the driver's seat to the back window, which was covering items in the back-seat area. The trooper testified that the vehicle and its driver exhibited "numerous indicators" that led him to pull over Harding. When the trooper made contact with Harding, Harding was "extremely nervous" to the point that his hand shook as if Harding was having a seizure when he handed the trooper his driver's license. Harding also refused to make eye contact with the trooper.

{¶ 21} The trooper observed clothes on hangers draped over larger items in the back seat, and Harding explained to the trooper that the vehicle belonged to his mother. While the trooper checked Harding's license, another trooper arrived on the scene and deployed his canine. The canine indicated to the presence of drugs by scratching on the doors. The trooper opened the back of the vehicle and saw clothes draped over rubber totes. Once opened, the trooper observed vacuum-sealed bundles of marijuana in the totes and in a suitcase on the back seat near the totes. The trooper also observed a vacuum sealer on the right rear floorboard, and discovered that the spare tire wheel well was filled with packaged marijuana. In all, troopers seized approximately 123 pounds of marijuana from the vehicle.

{¶ 22} The trooper also testified that he spoke with Harding after the marijuana was discovered and that Harding told him that he grew marijuana and used it in the past, but that he had stopped both practices. Harding also admitted to helping Voight load the totes into

the vehicle, but claimed that he believed the totes were filled with dishes and clothing. The trooper searched Harding, and found keys in his right front pocket. The keys opened locks located on the large bags of sealed marijuana discovered in the vehicle.

{¶ 23} The state also presented testimony from another trooper who assisted once Harding had been pulled over. The second trooper testified that he deployed his canine partner around the vehicle Harding was driving, and that the canine indicated the presence of drugs by scratching on the doors. After putting the canine back into the cruiser, the trooper then observed large amounts of marijuana in the totes and the spare tire wheel well. The trooper also observed the first trooper's search of Harding's person, and testified that he saw the first trooper remove the keys from Harding's pocket.

{¶ 24} The state then presented testimony from a criminalist who works for the state crime laboratory. The criminalist testified that the leafy substance seized from the vehicle tested positive as marijuana.

{¶ 25} Harding and his girlfriend testified in his defense. Both testified that the vehicle was empty when he drove it to Voight's house, and that when he left for New York with Voight, the car was full of items. Harding denied knowing that the car had marijuana in it. He also claimed that he never grew marijuana in the past, and that he had only helped someone else grow it. Harding also denied that troopers removed any keys from this pocket on the day of the incident.

{¶ 26} Based on the verdict, the jury believed the testimony of the state's witnesses, rather than that of Harding and his girlfriend. The jury is in the best position to judge the credibility of the witnesses, and we will not disturb its finding that Harding was not credible when testifying that he did not have knowledge of the marijuana in the vehicle.

{¶ 27} After reviewing the record, we find the evidence sufficient to support both of Harding's convictions, and that such convictions were not against the manifest weight of the

evidence. As such, Harding's second assignment of error is overruled.

{¶ 28} Assignment of Error No. 3:

{¶ 29} THE TRIAL COURT DID ERR BY IMPOSING A PRISON SENTENCE ON A FIFTH-DEGREE FELONY WITHOUT MAKING ANY FINDINGS.

{¶ 30} Harding argues in his third assignment of error that he was erroneously sentenced.

{¶ 31} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Marcum* at ¶ 10. Rather, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1.

{¶ 32} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1.

{¶ 33} Harding does not challenge the eight-year sentence he received for possession of marijuana, as that sentence was mandatory. However, Harding challenges the 11-month sentence for possession of criminal tools, which was ordered to be served

concurrently to the eight-year mandatory sentence.

**{¶ 34}** The possession of criminal tools charge was a felony of the fifth degree. According to R.C. 2929.14, "for a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months." The trial court ordered the 11-month sentence after considering the purposes and principles of sentencing according to R.C. 2929.11 and R.C. 2929.12, as noted in the trial court's sentencing entry.[1] As such, the trial court properly sentenced Harding within the appropriate range, and after considering the statutory factors.

**{¶ 35}** The trial court's sentence is also supported by the record. The trial court specifically noted that it had considered the facts of the case in relation to the sentencing factors before imposing sentence. Those facts include that Harding possessed and transported over 120 pounds of marijuana and tools to package the marijuana. Moreover, the trial court ordered the sentence for possessing criminal tools concurrent to the sentence for possessing marijuana. Therefore, any amount of sentence imposed would have been served during the eight years Harding was ordered to serve for the possession charge.

**{¶ 36}** According to R.C. 2929.13(B)(1)(a), an offender who is convicted of a nonviolent fifth-degree felony is entitled to a presumption of community control. However, R.C. 2929.13(B)(1)(a)(ii) provides that the offender is not entitled to such a presumption if the offender is facing a charge more serious than a fifth or fourth degree felony at the time of sentencing. The record is clear that at the time of sentencing, Harding also faced the charge

---

1. The court's entry contains a typographical error in that it lists the statute specific to the purposes and principles of sentencing as "R.C. 2929.1." However, it is obvious from the record that the court properly considered the statutory factors according to R.C. 2929.11, as the court made specific reference to the "purposes and principles of sentencing," which are found in R.C. 2929.11. "When sentencing a defendant, a trial court is not required to consider each sentencing factor, but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *State v. McCree*, 12th Dist. Warren No. CA2016-06-049, 2017-Ohio-791, ¶ 21. While the trial court's entry and discussion at the sentencing hearing could have been more complete, we nonetheless find that the trial court properly considered the statutory factors before imposing the sentence.

for possession of marijuana, which is a felony of the second degree. As such, he was not entitled to a presumption of community control for the fifth-degree felony charge, and the trial court was not required to make any findings before sentencing Harding to 11 months on that count. Thus, we find no error in the trial court's sentence, and Harding's third assignment of error is overruled.

{¶ 37} Assignment of Error No. 4:

{¶ 38} DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 39} Harding argues in his fourth assignment of error that he did not receive effective assistance of counsel during his trial.

{¶ 40} To prevail on an ineffective assistance of counsel claim, appellant must show his trial counsel's performance was deficient, and that he was prejudiced as a result. *State v. Clarke*, 12th Dist. Butler No. CA2015-11-189, 2016-Ohio-7187, ¶ 49; *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Trial counsel's performance will not be deemed deficient unless it fell below an objective standard of reasonableness. *Strickland* at 688. To show prejudice, appellant must establish that, but for his trial counsel's errors, there is a reasonable probability that the result of his trial would have been different. *Id.* at 694.

{¶ 41} The failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim. *Clarke* at ¶ 49. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *State v. Burns*, 12th Dist. Clinton No. CA2013-10-019, 2014-Ohio-4625, ¶ 7.

{¶ 42} Harding asserts that his trial counsel was ineffective for not filing a request to preserve all evidence in the case. Specifically, Harding argues that he should have received video camera footage from the other highway patrol cruisers that participated in the stop, in addition to the video he received from the first trooper's cruiser showing the actual traffic

stop, pat down, and discovery of marijuana. However, the only reason Harding asserts for filing a motion to preserve the video is that if the state then destroyed the evidence after defense counsel moved to preserve, the evidence would have become preemptively exculpatory.

{¶ 43} Even if the evidence would have been destroyed, the proper rule of law is "where the defendant requests evidence and the state fails to respond in good faith to the defendant's request, the burden shifts to the state to show that the evidence was not exculpatory." *State v. McDade*, 12th Dist. Warren Nos. CA2003-09-096 and CA2003-09-097, 2004-Ohio-3672, ¶ 14. Likewise, the same burden shifts to the state where the defendant moves to have the evidence preserved and the state destroys the evidence. *Id.* Harding, however, does not argue that the state would not have been able to fulfill its burden to overcome the presumption. Nor does Harding even assert that the additional police camera video was or could have been exculpatory for him.

{¶ 44} Moreover, Harding has not demonstrated that with extra footage, the results of his trial would have been different. The jury was asked to determine if Harding knew about the marijuana and criminal tools in the vehicle, and it determined that he did. This decision would not have changed had the jury viewed the stop or discovery of marijuana from a different police cruiser camera. Harding has not carried his burden to prove that is counsel was ineffective for not filing a motion to preserve evidence. As such, Harding's final assignment of error is overruled.

{¶ 45} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.